## COLLINS v. SECRETARY OF STATE

1. AUTOMOBILES—OPERATORS OF VEHICLES—IMPLIED CONSENT STATUTE—INTOXICATING LIQUORS—CHEMICAL TESTS—STATUTES—CONSTRUCTION.

The statute providing that the operator of a vehicle upon the public highways is deemed to have given his consent to certain chemical tests to determine the alcoholic content of his blood, known as the "implied consent statute", does not explicitly state who initially has the right or power to choose which chemical test to administer to a vehicle operator; indeed, it is ambiguous on this point and, in such a situation, the legislative intent is to be gathered not from a particular provision but from the act as a whole, giving meaning to all sections of the act (MCLA § 257.625 et seq.).

2. STATUTES—CONSTRUCTION.

The Michigan Supreme Court, when interpreting an act that is ambiguous, seeks a reasonable construction of the statute in the light of the purpose sought to be accomplished and the intention is to be taken or presumed, according to what is consonant to reason and good discretion.

3. AUTOMOBILES—OPERATORS OF VEHICLES—IMPLIED CONSENT STATUTE—CHEMICAL TESTS—SUSPENSION OF OPERATOR'S LICENSE.

Options available to an arrested driver under the statute providing that the operator of a vehicle upon the public highways is deemed to have given his consent to certain chemical tests to determine the alcoholic content of his blood, known as the "implied consent statute", are: (1) to refuse to take the test and face a possible suspension of his license, (2) to take the

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3–8] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 259, 260, 332–334.

[2] 7 Am Jur 2d, Automobiles and Highway Traffic § 22.

offered test, (3) to refuse the officer's choice and demand a breath test, or (4) to take the requested test and then procure his own test (MCLA § 257.625a).

4. AUTOMOBILES—CHEMICAL TESTS—DRUNK DRIVING—POLICE OFFICERS.

The original choice of which chemical test to administer to a person arrested for drunk driving lies with the arresting officer.

5. AUTOMOBILES—OPERATORS OF VEHICLES—BREATH TESTS—REFUSAL TO TAKE CHEMICAL TEST.

Plaintiff-driver's conditioned acceptance of a breath test which is provided for in the statute which states that the operator of a vehicle upon the public highways is deemed to have given his consent to certain chemical tests to determine the alcoholic content of his blood, known as the "implied consent statute", was tantamount to a refusal to take a chemical test, where a police officer offered a breath test, plaintiff asked to be taken to a nearby hospital for a blood test, the arresting officer testified that he declined to arrange for a blood test because the plaintiff unconditionally refused to take the breath test, and plaintiff asserted that he told the officer he would take the breath test if a blood test were also administered (MCLA § 257.625a *et seq.*).

6. AUTOMOBILES—IMPLIED CONSENT STATUTE—ARREST—INTOXICATING LIQUORS.

The immediate purpose of the "implied consent law" is to obtain the best evidence of blood alcohol content at the time of arrest of a person reasonably believed to be driving while intoxicated; the long range purpose is to prevent intoxicated persons from driving on the highways (MCLA § 257.625 *et seq.*).

7. AUTOMOBILES—OPERATORS OF VEHICLES—IMPLIED CONSENT STATUTE—INTOXICATING LIQUORS—BLOOD TEST—BREATH TEST—POLICE OFFICERS.

Under the statute providing that the operator of a vehicle upon the public highways is deemed to have given his consent to certain chemical tests to determine the alcoholic content of his blood, known as the "implied consent statute", since a blood test must be administered only by qualified personnel in a "medical environment", the delay occasioned by a precedent blood test demand could seriously diminish the effectiveness of a breath test which can be administered quickly and effectively by a police officer and no disadvantage would then be

occassioned by affording the vehicle operator accused of driving under the influence of intoxicating liquor a reasonable opportunity to have a person of his own choosing administer one of the chemical tests provided for in the statute within a reasonable time after his detention (MCLA § 257.625a).

8. Automobiles—Operators of Vehicles—Breath Test—Blood Test.

Plaintiff-driver unreasonably refused to take an offered breath test for he did not have the right to condition his taking the breath test on being given a blood test also (MCLA § 257.625a *et seq.*).

Appeal from Court of Appeals, Division 2, Lesinski, C. J., and Quinn and Danhof, JJ., reversing and remanding Washtenaw, John W. Conlin, J. Submitted January 7, 1971. (No. 11 January Term 1971, Docket No. 52,624.) Decided June 1, 1971.

19 Mich App 498 affirmed.

Complaint by Clyde Collins against the Secretary of State to compel restoration of his driver's license. Judgment for plaintiff. Defendant appealed to the Court of Appeals. Reversed and remanded. Plaintiff appeals. Affirmed.

*James Thomson,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Charles D. Hackney* and *Stewart H. Freeman,* Assistant Attorneys General, for defendant.

T. G. Kavanagh, J.  In February of 1968 the police arrested the plaintiff for driving an automobile while under the influence of intoxicating liquor.[1] He was taken to the police station and there

---

[1] MCLA § 257.625b (Stat Ann 1968 Rev § 9.2325[2]).

advised of his rights, including his right to a chemical test to determine the alcoholic content of his blood. When offered a breath test pursuant to the statute,[2] the plaintiff was granted permission to call his attorney. He was advised by his attorney to decline the breath test and ask for a blood test. The plaintiff then asked to be taken to a nearby hospital for such a test. The arresting officer testified that he declined to arrange for a blood test because the plaintiff *unconditionally* refused to take the breath test offered.

Plaintiff, asserts that he told the police officer he would take the breath test if a blood test were also administered.

Upon receiving notice from the arresting officer that the plaintiff refused to take the requested test, the defendant-Secretary of State suspended the plaintiff's license for a 90-day period.[3]

The plaintiff petitioned for and was granted a stay of suspension by the circuit court. He then challenged the procedure employed in the suspension of his license alleging that under these circumstances he, and not the arresting officer, had the power under the statute to direct which chemical test should have been administered. The circuit court agreed and ordered the plaintiff's license to be reinstated.

The defendant appealed and the Court of Appeals reversed the trial court. It held that under the statute an individual asked to take a chemical test to determine the alcoholic content of his blood has three alternatives: 1) to refuse to take any test, 2) take the requested test or 3) ask that only a breath test be given.[4]

---

2 MCLA § 257.625a (Stat Ann 1968 Rev § 9.2325[1]).

3 Pursuant to MCLA § 257.625f (Stat Ann 1968 Rev § 9.2325[6]).

4 It would appear that the defendant has a fourth alternative. MCLA § 257.625a(3) (Stat Ann 1968 Rev § 9.2325[1][3]) provides that an arrested driver who takes a chemical test at the request of

We granted leave to review this holding and we affirm.

The circuit judge resolved the problem by determining 1) that the statute does not explicitly authorize the police officer to make the choice of which test to administer, and 2) that the plaintiff, reasonably refused under the circumstances to take the breath test. The Court of Appeals held that the refusal was unreasonable because the statute did not grant him the right to conditionally refuse to take the requested test.

We agree with the Court of Appeals.

It is unfortunate that the trial judge did not explicitly find whether the plaintiff conditioned his taking the breath test upon first taking a blood test or whether he flatly refused to take any test but a blood test. For the purpose of this opinion we will assume that the plaintiff conditioned his acceptance of the breath test on first being given a blood test. Therefore, to decide this case we must determine first, whether such a conditioned acceptance was a refusal of a "chemical test of the blood" for the purposes of the "implied consent statute", and second, if it was a refusal of a chemical test, we must determine whether such a refusal was an *unreasonable* refusal.[5]

With the facts set out and the issue thus framed the following is the pertinent portion of the Michigan "implied consent statute":

"Sec. 625c. (1)   A person who operates a vehicle upon the public highways of this state is deemed to have given consent to chemical tests of his blood,

a police officer must be offered a reasonable opportunity to have a person of his own choosing administer one of the tests.

[5] MCLA § 257.625f(2)(c) (Stat Ann 1968 Rev § 9.2325[6][c]) requires that a determination be made whether the arrested driver's refusal to take a chemical test of his blood was reasonable.

breath, urine or other bodily substances for the purpose of determining the alcoholic content of his blood if:

"(a) He is arrested for driving a vehicle while under the influence of intoxicating liquor, or while his ability to operate a vehicle has been impaired due to the consumption of intoxicating liquor.

"Any person who is afflicted with hemophilia, diabetes or any condition requiring the use of an anticoagulant under the direction of a physician shall not be deemed to have given consent to the withdrawal of blood.

"(2) The tests shall be administered at the request of a law enforcement officer having reasonable grounds to believe the person was driving a vehicle upon the public highways of this state while under the influence of intoxicating liquor.

"Sec. 625a. (1) In any criminal prosecution for driving a vehicle while under the influence of intoxicating liquor, the amount of alcohol in such person's blood at the time alleged as shown by chemical analysis of the person's blood, urine, breath or saliva, shall be admissible into evidence and shall give rise to the following presumptions, and in the event any such tests are given, the results of such tests shall be made available to the person so charged or his attorney upon written request to the prosecution, with a copy of the request filed with the court, and the prosecution shall furnish the report at least 2 days prior to the day of the trial and shall be offered as evidence by the prosecution in a criminal proceeding; failure to fully comply with such request shall bar the admission of the results into evidence by the prosecution:

"(a) If there was at that time 0.05% or less by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was not under the influence of intoxicating liquor.

"(b) If there was at that time in excess of 0.05% but less than 0.10% by weight of alcohol in the de-

fendant's blood, such fact shall not given rise to any presumption that the defendant was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining the guilt or innocence of the defendant.

"(c) If there was at the time 0.10% or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant's ability to operate a motor vehicle was impaired within the provisions of section 625b of this act due to the consumption of intoxicating liquor.

"(d) If there was at that time 0.15% or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor.

"(2) Samples and specimens of urine, breath and saliva shall be taken and collected in a reasonable manner; but only a duly licensed physician, or a licensed nurse or medical technician under the direction of a licensed physician and duly qualified to withdraw blood, acting in a medical environment, at the request of a police officer, can withdraw blood for the purpose of determining the alcoholic content therein under the provisions of this act. No liability for a crime or civil damages predicated on the act of withdrawing blood and related procedures attaches to a qualified person who withdraws blood or assists in the withdrawal in accordance with this act unless the withdrawal is performed in a negligent manner.

"(3) A person charged with driving a vehicle while under the influence of intoxicating liquor who takes a chemical test administered at the request of a police officer as provided in paragraphs (1) and (2) hereof, shall be informed that he will be given a reasonable opportunity to have a person of his own choosing administer one of the chemical tests as provided in this section within a reasonable time after his detention, and the results of such test shall

be admissible and shall be considered with other competent evidence in determining the innocence or guilt of the defendant. Any person charged with driving a vehicle while under the influence of intoxicating liquor shall be informed that he has the right to demand that one of the tests provided for in paragraph (1) shall be given him, and the results of such test shall be admissible and shall be considered with other competent evidence in determining the innocence or guilt of the defendant.

"(4) The person charged shall be advised that his refusal to take a test as herein provided shall result in the suspension or revocation of his operator's or chauffeur's license or his operating privilege.

"(5) The provision of this section shall not be construed as limiting the introduction of any other competent evidence bearing upon the question of whether or not the defendant was under the influence of intoxicating liquor.

"(6) Notwithstanding any other provision of this act, a person requested to take this test shall be advised that he has the option to demand that only a breath test shall be given, in which case his refusal to submit to any other test shall not constitute a refusal for the purposes of sections 625d and 625f.

"Sec. 625d. A person under arrest shall be advised of his right to refuse to submit to chemical tests; and if he refuses the request of a law enforcement officer to submit to chemical tests, no test shall be given. A sworn report shall be forwarded to the department by the law enforcement officer stating that he had reasonable grounds to believe that the person had been driving a motor vehicle on the public highways of the state while under the influence of intoxicating liquor or that he had been driving a vehicle while his ability to operate a vehicle had been impaired due to the consumption of intoxicating liquor and that the person had refused to submit to the test upon the request of the law enforcement officer and had been advised of the consequences of

such refusal. The form of the report shall be prescribed and furnished by the department of state.

"Sec. 625e. Upon receipt of the sworn statement, the department shall immediately notify the person in writing, mailed to his last known address, that the sworn statement has been received and that within 14 days of the date of the notice he may request a hearing as provided in section 322.

"Sec. 625f. (1) If the person does not request a hearing within 14 days of the date of such notice, the secretary of state shall suspend or revoke such person's operator's or chauffeur's license or permit to drive, or any nonresident operating privilege, for a period of not less than 90 days nor more than 2 years. If the person is a resident without a license or permit to operate a vehicle in this state, the secretary shall deny to that person the issuance of a license or permit for a period of not less than 3 months nor more than 2 years.

"(2) If a hearing is requested, the department shall hold such hearing within 30 days of receipt of such request in the same manner and under the same conditions as provided in section 322. The hearing shall be conducted in the county where the arrest was made. At least 10 days' notice of the hearing shall be mailed to the person requesting the hearing, to the law enforcement officer who filed the sworn report and to the prosecuting attorney of the county where the arrest was made. The license appeal board shall be authorized to administer oaths, issue subpoenas for the attendance of necessary witnesses, and may grant reasonable requests for adjournment. Such hearing shall cover only the following issues:

"(a) Whether the law enforcement officer had reasonable grounds to believe that the person had been driving a motor vehicle upon the highways of this state while under the influence of an intoxicating liquor or while his ability to operate a vehicle had been impaired due to the consumption of intoxicating liquor.

"(b) Whether the person was placed under arrest for driving a motor vehicle upon the highways of this state while under the influence of an intoxicating liquor or while his ability to operate a vehicle had been impaired due to the consumption of intoxicating liquor.

"(c) Whether the person reasonably refused to submit to the test upon the request of the officer.

"(d) Whether the person was advised of his rights as set forth in sections 625a, 625c and 625d.

"(3) After the hearing, the secretary may suspend, revoke or deny issuance of a license or driving permit or any nonresident operating privilege of the person involved for a period of not less than 90 days nor more than 2 years. If the person involved is a resident without a license or permit to operate a motor vehicle in this state, the secretary may deny to that person the issuance of a license or permit for a period of not less than 3 months nor more than 24 months. The person involved may file a petition in the circuit court of the county in which the arrest was made to review the suspension, revocation or denial in the same manner and under the same conditions as provided in section 323. All hearings in circuit court shall be de novo and shall be limited to those issues enumerated in subsection (2).

"(4) When it has been finally determined that a nonresident's privilege to operate a vehicle in this state had been suspended or revoked, the department shall give notice in writing of the action taken to the motor vehicle administrator of the state in which he has his residence and of any state in which he has a license to operate a motor vehicle."

Our determination of whether a conditioned acceptance of a chemical test is a refusal can best be analyzed by answering two subsidiary questions: 1) does a person arrested for drunk driving have the

right to choose which chemical test shall be administered? and 2) if the *officer* has the choice of which chemical test shall be administered, does a person arrested for drunk driving have the right to place a condition upon his acceptance of such a choice?

The statute does not explicitly state who initially has the right or power to choose which chemical test to administer and, indeed, it is ambiguous on this point. In such a situation, the legislative intent is to be gathered not from a particular provision but from the act as a whole, giving meaning to all sections of the act. *Sibley* v. *Smith* (1853), 2 Mich 487; *Smith* v. *City Commission of Grand Rapids* (1937) 281 Mich 235. And, when interpreting an act that is ambiguous, "We seek a reasonable construction of statutes in the light of the purpose sought to be accomplished" (*Benjamin* v. *Huntington Woods* [1957] 349 Mich 545, 555) "and the intention is to be taken or presumed, according to what is consonant to reason and good discretion," (*Sibley* v. *Smith, supra,* 492).

Looking at the act as a whole, we note that the language "at the *request of a police officer*" or like language appears in MCLA § 257.625a (2), (3) and (6) (Stat Ann 1968 Rev § 9.2325[1], [2], [3] and [6]); MCLA § 257.625c (Stat Ann 1968 Rev § 9.2325 [3][2]) and MCLA § 257.625d (Stat Ann 1968 Rev § 9.2325[4]. (Emphasis added.) MCLA § 257.625c (Stat Ann 1968 Rev § 9.2325[3]) states that "any person afflicted with hemophilia, diabetes or any condition requiring the use of an anticoagulant under the direction of a physician *shall not be deemed to have given consent to the withdrawal of blood.*" (Emphasis added.) MCLA § 257.625a (6) (Stat Ann 1968 Rev § 9.2325[1]) states that:

"Notwithstanding any other provision of this act, a person requested to take this test shall be advised

that he has the option to demand that only a breath test shall be given."[6]

The tenor of such language indicates that the choice of which test to administer lies *originally* with the police officer. *Then,* as the Court of Appeals cogently reasoned, these options become available to the arrested driver: 1) to refuse the test and face a possible suspension of his license 2) to take the offered test 3) to *refuse the officer's choice and demand a breath test* or 4) to take the requested test and then procure his own test.[7]

To hold that the plaintiff had the first choice of which test to take would make those sections dealing with hemophilia, etc. (MCLA § 257.625c[1][a] [Stat Ann 1968 Rev § 9.2325(3)]), and the right to demand a breath test (MCLA § 257.625a[6] [Stat Ann 1968 Rev § 9.2325(1)]) redundant and meaningless for the arrested driver could have chosen those tests in any event.

It should be pointed out that other states considering this problem have held that the initial choice of which test to administer rested with the police officer,[8] even though in some states such a decision meant that the arrested drivers had to take a blood test or face suspension of their license.

We agree with the reasoning of such decisions.

We therefore hold that the original choice of which chemical test to administer to a person arrested for drunk driving lies with the arresting officer.

---

[6] In comparing our statute with those of our sister states we were impressed with these considerate and humane provisions which an enlightened Michigan Legislature has included in our statute. We feel it eloquently bespeaks the seriousness of the problem which necessitates the imposition of such testing at all.

[7] See MCLA § 257.625a(3) (Stat Ann 1968 Rev § 9.2325[1][3]).

[8] *Stensland* v. *Smith* (1962), 79 SD 651 (116 NW2d 653); *Gottschalk* v. *Sueppel* (1966), 258 Iowa 1173 (140 NW2d 866) and cases cited therein. However, California by statute, places the choice on the arrested driver. California Vehicle Code § 13353(a).

In light of this holding we conclude that plaintiff's conditioned acceptance of a breath test in this case was tantamount to a refusal to take a chemical test.

We now consider whether this refusal was reasonable.

The immediate purpose of the "implied consent law" is to obtain the best evidence of blood alcohol content at the time of the arrest of a person reasonably believed to be driving while intoxicated. *Kesler* v. *Department of Motor Vehicles* (1970), 1 Cal 3d 74 (459 P2d 900, 81 Cal Rptr 348). The long range purpose is, of course, to prevent intoxicated persons from driving on the highways.

Since a blood test must be administered only by qualified personnel in a "medical environment", it is obvious that the delay occasioned by a precedent blood test demand could seriously diminish the effectiveness of a breath test.

This least offensive test of all—the breath test—can be administered quickly and effectively practically on the spot, by a police officer. No disadvantage would then be occasioned by affording the accused "a reasonable opportunity to have a person of his own choosing administer one of the chemical tests"[9] as provided in this section within a reasonable time after his detention.

We therefore hold that the plaintiff under the circumstances of this case unreasonably refused to take the offered test for he did not have the right to condition his taking the breath test in this manner.[10]

Affirmed. No costs, a public question.

---

9 MCLA § 257.625a(3) (Stat Ann 1968 Rev § 9.2325[1][3]).

10 For cases from other jurisdictions which disallow a conditional acceptance of a chemical test see: *Deaner* v. *Commonwealth of Virginia* (1969), 210 Va 285 (170 SE2d 199); *Millo* v. *Bridges* (Idaho, 1970), 471 P2d 66; *Blow* v. *Comm. of Motor Vehicles* (1969),

T. E. BRENNAN, SWAINSON, and WILLIAMS, JJ., concurred with T. G. KAVANAGH,· J.

T. M. KAVANAGH, C. J., and BLACK and ADAMS, JJ., concurred in the result.

83 SD 628 (164 NW2d 351) and *Fallis* v. *Department of Motor Vehicles* (1968), 264 Cal App 2d 373 (70 Cal Rptr 595).