VALENTI HOMES, INC. v CITY OF STERLING HEIGHTS

1. MUNICIPAL CORPORATIONS—ORDINANCES—PENAL ORDINANCES—
   STATUTES—CONSTRUCTION.

   Penal ordinances like penal statutes are to be construed strictly;
   enumeration of various acts or omissions for which penalties
   may be imposed exclude, by implication, the right to impose
   penalties for act or omissions not named; provision for the
   mode in which local laws or ordinances are to be enforced is to
   be construed as excluding any other mode.

2. MUNICIPAL CORPORATIONS—CHARTERS—ORDINANCES—CRIMINAL
   PENALTIES—SIDEWALK CONSTRUCTION.

   A municipal charter provision authorizing sidewalk construction,
   which specifically enumerates enforcement procedures, pre-
   cludes the application of other enforcement procedures with
   regard to sidewalk construction, including criminal penalties as
   authorized by a catch-all provision of the city charter; there-
   fore, criminal penalties imposed in a municipal ordinance
   relating to construction of sidewalks are invalid.

Appeal from Macomb, Edward J. Gallagher, J.
Submitted Division 2 April 18, 1975, at Detroit.
(Docket No. 21581.) Decided May 30, 1975.

Complaint by Valenti Homes, Inc. against the
City of Sterling Heights and the city building
inspector to enjoin a criminal prosecution brought
by the defendant city against plaintiff. Judgment
for plaintiff. Defendants appeal. Affirmed.

*Anthony & Hearsch,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
    Political Subdivisions § 398 *et seq.*
[2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
    Political Subdivisions § 367.

*Stewart, O'Reilly, Cornell, Donovan, Lascoe & Rancilio,* for defendants.

Before: J. H. GILLIS, P. J., and QUINN and R. M. MAHER, JJ.

J. H. GILLIS, P. J. Plaintiff brought an action in Macomb County Circuit Court to enjoin a criminal prosecution against itself in the 41st District Court brought by defendant city. Plaintiff had failed to comply with the provisions of Sterling Heights Ordinance 141 which required the plaintiff to install public sidewalks when developing its lots.

This case is before this Court for the second time. The opinion of the trial court involved in the first appeal determined that sufficient enabling authority existed in the constitution, state statutes, the city charter and the ordinance to require installation of sidewalks.

On appeal, the Court of Appeals determined that the question of the validity of the penal sanctions contained in ordinance 141 was raised by the parties in their briefs and that the trial court should have considered and ruled upon that issue.

On remand, the trial court found that the city charter specified two alternative enforcement procedures, thus evidencing an intent to exclude any other alternative. Therefore the court found that the general provision of the city charter allowing criminal sanctions for any ordinance violation was inapplicable. Defendant appeals.

Sterling Heights' charter has two provisions, §§ 12.03[1] and 16.04,[2] which relate to the installa-

---

[1] Section 12.03 states in part: "The council may prescribe that sidewalks * * * shall be built and/or repaired, by the owners of platted land within the city in the public streets adjacent to and abutting upon such lot and the premises * * * ; provided, that in case of the failure of any such owner to comply with the provisions of such ordinance, the city may build or repair, or cause to be built or

tion of public sidewalks by abutting property owners. These sections give the city the power to order that sidewalks be built by the owners of abutting properties. In case the owner fails to comply with the provisions of such ordinance, these charter sections empower the city to build the sidewalks and assess the cost against the owner or against the land improved.

In addition, the city charter also contains this provision in § 6.04(f):

"The council shall have the authority to provide in any ordinance for the punishment of those who violate the same, by a fine not to exceed five hundred ($500.00) dollars, or imprisonment in the city prison, a county jail, or such other penal institution authorized to receive city prisoners for a period not to exceed ninety (90) days, or both such fine and imprisonment at the discretion of the court."

Defendant's ordinance 141, as amended by ordinance 141A, provides for penalties in accord with § 6.04(f), namely fine or imprisonment or both.

The construction of penal ordinances is discussed in 5 McQuillin, Municipal Corporations (3d ed), § 17.05:

repaired, such sidewalks and assess the cost thereof against such owner and against the land improved thereby in a manner prescribed by the council by ordinance."

[2] Section 16.04 states in part: "The city shall have control of all the sidewalks in the public streets and alleys of the city and may construct, repair and replace such sidewalks as a public improvement and may provide for the payment of the cost thereof by special assessment or it may require the abutting owners to do so. If the latter procedure shall be followed, and any abutting owner shall fail to construct such sidewalk after being required to do so by resolution of the council and upon such notice as the council shall provide, then the city may construct such sidewalk and collect the costs thereof from the abutting property owner, or may make a special assessment in the same manner as herein provided for the making of special assessments * * * ".

"Penal ordinances like penal statutes are to be construed strictly. Hence, where the charter or statute specifically enumerates various acts or omissions for which penalties may be imposed, such enumeration, by implication, excludes the right to impose penalties for acts or omissions not named. Furthermore, where the charter or applicable statute provides the mode in which local laws or ordinances are to be enforced, such provision is to be construed as excluding any other mode. Hence, the remedy of enforcement prescribed operates as a negative of any other method."

In the case at bar, the two charter provisions that specifically deal with sidewalks expressly enumerate certain remedies. From this it can be inferred that the remedies mentioned were intended to be the exclusive ones and that the catch-all provision for fine or imprisonment was not intended to be applied.

Furthermore we are aided in this case by a cardinal rule of statutory construction: *Expressio unius est exclusio alterius.* The expression of one thing is the exclusion of another. This rule is discussed at length in *Sebewaing Industries, Inc v Village of Sebewaing,* 337 Mich 530, 545; 60 NW2d 444, 446–447 (1953):

"[H]ere the statute is not silent on the subject for which an implied power is asserted by defendant. Chapter 12, § 5 of the statute expressly provides 2 methods of financing the acquisition of the equipment in question. *Expressum facit cessare tacitum.* That which is expressed puts an end to or renders ineffective that which is implied. *Galloway v Holmes,* 1 Doug 330 (Mich, 1844). So stated in the opinion of 4 members of this Court, the other concurring in the result, in *Taylor v Public Utilities Commission,* 217 Mich 400 [186 NW 485]; PUR 1922D, 198 [1922]. *Expressio unius est exclusio alterius.* Express mention in a statute of one thing implies the exclusion of other similar things. *Perry v*

*Village of Cheboygan,* 55 Mich 250 [21 NW 333 (1884)], *Weinberg v Regents of the University of Michigan,* 97 Mich 246 [56 NW 605 (1893)], *Marshall v Wabash Railway Co,* 201 Mich 167 [167 NW 19], 8 ALR 435 [1918], *Taylor v Public Utilities Commission, supra, Van Sweden v Van Sweden,* 250 Mich 238 [230 NW 191 (1930)]."

This principle has also been followed in the cases of *Burch v Wargo,* 378 Mich 200; 144 NW2d 342 (1966), *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355, 362 (1971), and *Alan v Wayne County,* 388 Mich 210, 253; 200 NW2d 628, 649 (1972).

Applying this principle to the case at bar results in our arriving at the same conclusion that the trial court did. The specific discussion in the city charter of sidewalk construction, together with the specific enumeration of other remedies, precludes the application of the criminal penalty. The city council cannot, by ordinance, impose a penalty which is precluded by the city charter. If the citizens of Sterling Heights wish to have criminal sanctions applied to the failure to build sidewalks, they must say so in a charter amendment.

Affirmed. No costs, a public question being involved.