BELCHER v AETNA CASUALTY & SURETY COMPANY

Docket No. 77-3931. Submitted March 21, 1978, at Detroit.—Decided May 9, 1978. Leave to appeal applied for.

Marie Belcher is the mother of Stacy Belcher, who died in a single-car accident on August 21, 1976, while driving an automobile owned and registered to himself. It was determined that the deceased's certificate of insurance was a forgery. Marie Belcher then filed a claim under the assigned claims provision of the "No-Fault Insurance Act". The Aetna Casualty & Surety Company, to which it was assigned, denied the claim. Plaintiff commenced an action against the company and the Wayne Circuit Court, Verne C. Boewe, J., granted summary judgment in favor of defendant for the reason that plaintiff's claim was derivative of that of the decedent and that since decedent could not have collected in his own right, plaintiff could not recover. Plaintiff appeals. *Held:*

1. A surviving dependant's right to recover personal protection insurance benefits under the "No-Fault Insurance Act" is dependant upon and derivative of the deceased's right to receive work-loss benefits had he not died.

Affirmed.

T. M. BURNS, J., dissented. He would hold that the Legislature did not intend and the "No-Fault Insurance Act" did not make the surviving dependant's right of recovery dependant or derivative but, rather, created a compensation for a loss suffered personally by the surviving dependant.

OPINION OF THE COURT

1. INSURANCE—AUTOMOBILES—NO-FAULT INSURANCE—STATUTES.

The purpose of Michigan's so-called "No-Fault Insurance Act" is to ensure the compensation of persons injured in an automobile accident and, to that end, the act requires the owner or registrant of a motor vehicle to maintain security for payment of

REFERENCES FOR POINTS IN HEADNOTES
[1] Am Jur 2d, New Topic Service, No-Fault Insurance §§ 1, 3.
[2] Am Jur 2d, New Topic Service, No-Fault Insurance §§ 29, 31.
[3, 4, 5] Am Jur 2d, New Topic Service, No-Fault Insurance § 31.

benefits and makes knowingly operating a vehicle not so insured a misdemeanor (MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.).*

2. INSURANCE—AUTOMOBILES—NO-FAULT INSURANCE—SURVIVING DEPENDANTS—RIGHT OF RECOVERY.

Payment of personal protection insurance benefits to the surviving dependants of an insured person who has died as a result of injuries sustained in a motor vehicle accident is a substitute for the payment of benefits directly to the injured party and, therefore, a surviving dependant's right to recover such benefits is dependant upon and derivative of the deceased's right to receive work-loss benefits had he not died.

DISSENT BY T. M. BURNS, J.

3. INSURANCE—STATUTES—AUTOMOBILES—NO-FAULT INSURANCE—SURVIVING DEPENDANTS—RIGHT OF RECOVERY.

*It was not the Legislature's intent and the "No-Fault Insurance Act" does not bar recovery of benefits by surviving dependants of an injured person who has died as a result of injuries sustained in a motor vehicle accident where the victim would have been barred from recovering personal protection insurance benefits had he survived; the fact that the statutory measure of loss is essentially the same as if the victim had lived and was claiming benefits in his own name is insufficient to conclude that the survivor's claim is derivative (MCL 500.3101 et seq.; MSA 24.13101 et seq.).*

4. INSURANCE—STATUTES—AUTOMOBILES—NO-FAULT INSURANCE—SURVIVING DEPENDANT—RIGHT OF RECOVERY.

*A survivor of an injured person who died as a result of injuries sustained in a motor vehicle accident claims the right to survivor's loss benefits under a statute providing for such benefits in his own right and not as a representative of the deceased person (MCL 500.3108; MSA 24.13108).*

5. INSURANCE—STATUTES—AUTOMOBILES—NO-FAULT INSURANCE—SURVIVING DEPENDANT—RIGHT OF RECOVERY.

*A dependant of a person who suffered accidental bodily injury arising out of the ownership operation or use of a motor vehicle as a motor vehicle is a "person entitled to claim" benefits under a statute authorizing personal protection insurance benefits (MCL 500.3101 et seq.; MSA 24.13101 et seq.).*

*Rosenbaum, Bloom, Kaufman, Appel & Moses,*
for plaintiff.

*Collins & Einhorn, P. C.* (by *Clayton F. Farrell*),
for defendant.

Before: D. C. RILEY, P. J., and T. M. BURNS and
CYNAR, JJ.

CYNAR, J. Plaintiff appeals as a matter of right
from a summary judgment granted to defendant.
The relevant facts are largely undisputed. Stacy
Belcher, plaintiff's son, died in a single car acci-
dent on August 21, 1976. At the time of the
accident, decedent was operating a vehicle owned
and registered to himself. Subsequently, it was
determined that the deceased's certificate of insur-
ance was a forgery. Plaintiff then filed a claim
with the Assigned Claims Facility of the Michigan
Secretary of State, pursuant to MCL 500.3172;
MSA 24.13172. This claim was assigned to defend-
ant. On March 23, 1977, defendant denied plain-
tiff's claim. On April 15, 1977, plaintiff filed a
complaint in Wayne County Circuit Court, alleging
that she was entitled to survivor's benefits. On
September 23, 1977, defendant's motion for sum-
mary judgment was granted on the ground that
the plaintiff's claim was derived from that of her
son and that his claim was barred by MCL
500.3113(b); MSA 24.13113(b).

On appeal it is undisputed that plaintiff's son,
had he survived, would not have been entitled to
receive personal protection insurance benefits.
MCL 500.3113(b); MSA 24.13113(b). The only issue
to be determined in this case is whether a surviv-
ing dependant of one barred from receiving such
benefits is barred from receiving survivor's bene-

fits. This issue has not previously been addressed by this Court.

The purpose of Michigan's so-called "No Fault Insurance Act" is to ensure the compensation of persons injured in an automobile accident. *Hill v Aetna Life & Casualty Co,* 79 Mich App 725, 728; 263 NW2d 27 (1977), *Pollock v Frankenmuth Mutual Ins Co,* 79 Mich App 218, 222; 261 NW2d 554 (1977), *O'Donnell v State Farm Mutual Automobile Ins Co,* 70 Mich App 487, 495; 245 NW2d 801 (1976). Toward this end, the act requires the owner or registrant of a motor vehicle to maintain security, usually in the form of insurance, for payment of benefits of personal protection insurance, MCL 500.3101(1); MSA 24.13101(1). The operation of a vehicle which is not so insured constitutes a misdemeanor as to its owner, punishable by fine and/or imprisonment. MCL 500.3102(2); MSA 24.13102(2).

In addition to the possible criminal charge, the owner of a vehicle which is not insured is not entitled to recover personal protection insurance benefits. MCL 500.3113(b); MSA 24.13113(b). This statute reads in full:

"A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

"(a) The person was using a motor vehicle which he had taken unlawfully, unless he reasonably believed that he was entitled to take and use the vehicle.

"(b) The person was the owner or registrant of a motor vehicle involved in the accident with respect to which the security required by subsection (3) and (4) of section 3101 was not in effect.

"(c) The person was not a resident of this state, was an occupant of a motor vehicle not registered in this state and was not insured by an insurer which has filed a certification in compliance with section 3163."

It is this statute which would have prevented plaintiff's son from recovering personal protection insurance benefits, had he survived.

Plaintiff contends, however, that, as a surviving dependant, she is nonetheless entitled to benefits under the no-fault act. She notes that surviving dependants are not excluded from receiving personal protection insurance benefits under MCL 500.3113; MSA 24.13113 and relies upon MCL 500.3108; MSA 24.13108 and MCL 500.3172; MSA 24.13172 in support of her right to recovery. MCL 500.3108; MSA 24.13108 provides for the payment of personal protection insurance benefits for a surviving dependant's loss in a situation where a person has died.[1] MCL 500.3172; MSA 24.13172 permits one to obtain personal protection insurance benefits through an assigned claims plan, where no personal protection insurance is applicable to the injury.[2]

Although the statutory language is hardly clear,

[1] MCL 500.3108; MSA 24.13108 reads:

"Personal protection insurance benefits are payable for a survivors' loss which consists of a loss, after the date on which the deceased died, of contributions of tangible things of economic value, not including services, that dependents of the deceased at the time of his death would have received for support during their dependency from the deceased if he had not suffered the accidental bodily injury causing death and expenses, not exceeding $20.00 per day, reasonably incurred by these dependents during their dependency and after the date on which the deceased died in obtaining ordinary and necessary services in lieu of those that the deceased would have performed for their benefit if he had not suffered the injury causing death. The benefits payable for survivors' loss in connection with the death of a person in a single 30-day period shall not exceed $1,000.00 and is not payable beyond the first 3 years after the date of the accident."

[2] MCL 500.3172; MSA 24.13172 reads:

"A person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle in this state may obtain personal protection insurance benefits through an assigned claims plan if no personal protection insurance is applicable to the injury, no personal protection insurance applicable to the injury can be identified, or the only identifiable personal protection insurance applicable to the in-

we hold that plaintiff is not entitled to recover personal protection insurance benefits. This is because her right to recover is dependant upon or derivative of her son's rights to personal protection benefits.[3] Since he could not have recovered such benefits, neither can she.

The language of various sections of the no-fault act is supportive of this conclusion. MCL 500.3112; MSA 24.13112 commences by stating:

"Personal protection insurance benefits are payable to or for the benefit of an injured person or, in case of his death, to or for the benefit of his dependants * * *."

This language indicates that the payment of such benefits to the surviving dependants where the injured person has died is a substitute for the payment of benefits directly to the injured party. Further support for this conclusion can be found by comparing the method of computing survivor's benefits, MCL 500.3108; MSA 24.13108,[4] with the

jury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed. In such case unpaid benefits due or coming due are subject to being collected under the assigned claims plan, and the insurer to which the claim is assigned, or the assigned claims facility if the claim is assigned to it, is entitled to reimbursement from the defaulting insurers to the extent of their financial responsibility."

[3] Such a conclusion is consistent with the analysis in wrongful death actions, MCL 600.2921; MSA 27A.2921, MCL 600.2922; MSA 27A.2922, where the right of recovery is dependant upon the right of the deceased to bring an action had he survived. *Maiuri v Sinacola Construction Co,* 382 Mich 391, 395; 170 NW2d 27 (1969), *Toth v Goree,* 65 Mich App 296, 298; 237 NW2d 297 (1975).

[4] MCL 500.3107; MSA 24.13107 reads in full:

"Personal protection insurance benefits are payable for the following:

"Allowable expenses.] (a) Allowable expenses of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery or rehabilitation. Allowable expenses within personal protection insurance coverage shall not include charges for a hospital room in excess of a

method for computing the work loss portion of the personal protection benefits available to an injured person, MCL 500.3107; MSA 24.13107.[5] Both are payable for up to three years and are subject to a $1000 maximum for any 30-day period. Both include the cost of expenses, up to $20 per day, incurred in obtaining services which would have been provided by the injured person. Both provide

reasonable and customary charge for semiprivate accommodations except when the injured person requires special or intensive care, or charges for funeral and burial expenses in excess of $1,000.00.

"Work loss; loss of income.] (b) Work loss consisting of loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he had not been injured and expenses not exceeding $20.00 per day, reasonably incurred in obtaining ordinary and necessary services in lieu of those that, if he had not been injured, an injured person would have performed during the first 3 years after the date of the accident, not for income but for the benefit of himself or of his dependent. Work loss does not include any loss after the date on which the injured person dies. Because the benefits received from personal protection insurance for loss of income are not taxable income, the benefits payable for such loss of income shall be reduced 15% unless the claimant presents to the insurer in support of his claim reasonable proof of a lower value of the income tax advantage in his case, in which case the lower value shall apply. The benefits payable for work loss sustained in a single 30-day period and the income earned by an injured person for work during the same period together shall not exceed $1,000.00, which maximum shall apply pro rata to any lesser period of work loss. The maximum shall be adjusted annually to reflect changes in the cost of living under rules prescribed by the commissioner but any change in the maximum shall apply only to benefits arising out of accidents occurring subsequent to the date of change in the maximum."

[5] MCL 500.3108; MSA 24.13108 reads:

"Personal protection insurance benefits are payable for a survivors' loss which consists of a loss, after the date on which the deceased died, of contributions of tangible things of economic value, not including services, that dependents of the deceased at the time of his death would have received for support during their dependency from the deceased if he had not suffered the accidental bodily injury causing death and expenses, not exceeding $20.00 per day, reasonably incurred by these dependents during their dependency and after the date on which the deceased died in obtaining ordinary and necessary services in lieu of those that the deceased would have performed for their benefit if he had not suffered the injury causing death. The benefits payable for survivors' loss in connection with the death of a person in a single 30-day period shall not exceed $1,000.00 and is not payable beyond the first 3 years after the date of the accident."

for the support of the injured person's dependants. Survivor's benefits do so directly, by paying the dependant survivor that amount which the deceased would have provided for support. In the case of work-loss benefits, the injured party is provided with benefits consisting of lost income and part of that amount is, presumably, used for the support of dependants. In addition, the express language of MCL 500.3107(b); MSA 24.13107(b) excludes from work loss any loss incurred after the date on which the injured person dies. Thus, there can be no simultaneous recovery for survivor's benefits and work-loss benefits.

Since survivor's benefits are intended as a substitute for the work-loss portion of personal protection benefits, a dependant survivor's right to benefits must necessarily depend upon the right of the injured person to receive work-loss benefits had he survived. Here, however, the deceased would have been barred from claiming any personal protection benefits. Thus, his surviving dependant is also barred.

Such a conclusion makes good sense as well. There is no logical reason to provide benefits to the surviving dependants of an uninsured deceased when no such benefits are available to the dependants of an uninsured individual who survives. Indeed, due to continuing medical expenses, the dependant in the latter situation may have a greater need for such benefits. This Court will not construe a statutory scheme so as to provide an unreasonable and irrational result. *Collins v Secretary of State,* 384 Mich 656, 666; 187 NW2d 423 (1971). Thus, this Court is unwilling to interpret the provisions of the no-fault act in such a way as to grant plaintiff a benefit when she would not be entitled to benefits had her son survived.

Since plaintiff's right to survivor's benefits is dependant upon her son's rights to benefits had he survived, the language of MCL 500.3113(b); MSA 24.13113(b) that would have barred her son from recovery bars her as well. The doctrine of *expressio unius est exclusio alterius, Valenti Homes Inc v City of Sterling Heights,* 61 Mich App 537; 233 NW2d 72 (1975), is thus inapplicable, since plaintiff's action is, in effect, barred by the express language of the statute. It would have been repetitious to provide an additional subsection to MCL 500.3113; MSA 24.13113, barring the survivors of an uninsured deceased from recovery, when such persons are necessarily barred by the language of subsection (b).

Nor can plaintiff find support for her position in the language of MCL 500.3172; MSA 24.13172, which provides for claims against the Assigned Claims Facility. That statute is limited to persons "entitled to claim". As noted above, plaintiff is not so entitled. Therefore, her argument must fail and summary judgment was properly granted in this case.

Affirmed. No costs, a public question being involved.

D. C. RILEY, P. J., concurred.

T. M. BURNS, *(dissenting).* I agree that the issue raised in this appeal is one of first impression, and that the statutory language is not as clear as it could have been. However, my reading of the entire statute convinces me that it was not the legislative intent to prevent persons such as plaintiff in this case from recovering and I, therefore, dissent.

Under § 3105[1] of the act, an insurer is liable to
pay benefits for accidental bodily injury arising
out of the ownership, operation or use of a motor
vehicle as a motor vehicle "subject to the provi-
sions of this chapter". Section 3105(3) makes it
clear that bodily injury includes death.

Because the injury resulted in death in this case,
plaintiff is claiming survivor's loss benefits under
§ 3108.[2] Although the statutory measure of this
loss is essentially the same as if the decedent had
lived and was claiming benefits in his own name, I
cannot conclude from that fact, as does the major-
ity, that the survivor's claim can be called deriva-
tive.[3] The fact that the survivor's loss is distinct is
shown by § 3110(4)[4] which provides that the survi-
vor's loss accrues when it is incurred, rather than
at the time of the accident, and the language of
§ 3108 itself. Plaintiff is claiming a loss she incur-
red herself, she is not attempting to recover a loss
her son incurred personally, and she seeks to
recover only in a representative capacity.

Plaintiff made her claim for survivor's loss to
the assigned claims facility under § 3172[5] which
provides in part:

"A person entitled to claim because of accidental
bodily injury arising out of the ownership, operation,
maintenance or use of a motor vehicle as a motor
vehicle in this state may obtain personal protection
insurance benefits through an assigned claims plan if
no personal protection insurance is applicable to the
injury * * * ."

---

[1] MCL 500.3105; MSA 24.13105.

[2] MCL 500.3108; MSA 24.13108.

[3] Compare the wrongful death act, MCL 600.2922; MSA 27A.2922,
which specifically allows suit only if the decedent could have brought
the suit had he survived.

[4] MCL 500.3110(4); MSA 24.13110(4).

[5] MCL 500.3172; MSA 24.13172.

The real question, and the focus of the dispute between the parties, is whether plaintiff is a "person entitled to claim". I would hold that she is.

Plaintiff is a dependent[6] of a person who suffered accidental bodily injury arising out of the ownership, operation or use of a motor vehicle as a motor vehicle, as those terms are defined in the act. This is all that must be shown to make plaintiff "a person entitled to claim". If she is not a person entitled to claim, it must be because of a specific exclusion found in the statute. The exclusions and limitations of § 3105 to § 3116 apply to claims made to the assigned claims facility. MCL 500.3173; MSA 24.13173.

The defendant relies solely upon the exclusion contained in § 3113(b).[7] This section provides in relevant part:

"*A person* is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

* * *

"(b) *The person* was the owner or registrant of a motor vehicle involved in the accident with respect to which the security required by subsections (3) and (4) of section 3101 was not in effect." (Emphasis supplied.)

Although "person" is not defined in the no-fault chapter, it is defined in § 114[8] of the Insurance Code and includes "an individual". The majority

---

[6] This fact is taken as true on our review of the grant of summary judgment. Since plaintiff is not within the class of persons who are conclusively presumed to be dependent in MCL 500.3110; MSA 24.13110, she must prove her dependency under § 3110(2).

Survivor's loss under § 3108 is geared to dependency on the deceased at the time of the accident.

[7] MCL 500.3113; MSA 24.13113.

[8] MCL 500.114; MSA 24.1114.

has expanded the statutory definition to include not only the individual, but his dependents as well. If the act is applied as written, the exclusion applies only to the individual who was the owner or registrant of a motor vehicle involved in the accident and had not acquired the appropriate security.

The exclusions are personal and should not be expanded. Under MCL 500.3101; MSA 24.13101, it is only the owner or registrant who is required to maintain security for the payment of benefits. MCL 500.3102(2); MSA 24.13102(2) imposes criminal liability only on the owner or registrant of a motor vehicle who operates it without security, or someone who operates the vehicle with knowledge that there is no security in force. The whole tenor of the act shows that it applies to persons, *i.e.,* individuals; not individuals and their dependents.

This interpretation, that only the person who violates the act should go without benefits, is further supported by § 3177.[9] That section provides:

"An insurer obligated to pay personal protection insurance benefits for accidental bodily injury * * * to the spouse or relative resident in the household of the owner or registrant of an uninsured motor vehicle may recover such benefits paid and appropriate loss adjustment costs incurred from the owner or registrant of the uninsured motor vehicle or from his estate. Failure of such a person to make payment within 30 days is a ground for suspension or revocation of his motor vehicle registration and operator's license. An uninsured motor vehicle for the purpose of this section is a motor vehicle with respect to which security as required by sections 3101 and 3102 is not in effect at the time of the accident."

---

[9] MCL 500.3177; MSA 24.13177.

Unless persons such as the plaintiff are persons "entitled to claim" under § 3172, the repayment provisions of § 3177 are meaningless. We should not presume that the Legislature created meaningless legislation.

There is no statutory exclusion which would bar plaintiff's claim and the summary judgment should be reversed.