NIKPRELEVIC v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 78-1941. Submitted March 7, 1979, at Detroit.—Decided
May 22, 1979. Leave to appeal applied for.

Djelusa Nikprelevic, the widow of Nika Nikprelevic, brought an
action on behalf of herself, her minor children and all other
dependents entitled to survivor's loss for death benefits under
the no-fault insurance act, against the Detroit Automobile
Inter-Insurance Exchange. Mr. Nikprelevic died when he was
overcome by exhaust fumes while attempting to install a rear
window defogger in his automobile. No policy of no-fault auto-
mobile insurance could be found covering Mr. Nikprelevic or
his car. Plaintiff filed a claim with the assigned claims facility
and the loss was assigned to defendant for processing. Defen-
dant voluntarily paid benefits, making certain deductions
which it thought were allowable under the no-fault insurance
act. Defendant stopped payments altogether when plaintiff filed
her suit to challenge the validity of the deductions. Wayne
Circuit Court, Horace W. Gilmore, J., held that plaintiff was
not entitled to claim under the assigned claims plan and
granted summary judgment for defendant. Plaintiff appeals.
*Held:*

   Mr. Nikprelevic and his automobile were uninsured and,
therefore, he would have been disqualified from receiving no-
fault benefits. Plaintiff and her minor children, however, as
dependents of a deceased uninsured motorist are entitled to no-
fault benefits and are not disqualified by virtue of the fact that

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobile Insurance §§ 135-138.
   New Topic Service, No-Fault Insurance § 31.
[2] New Topic Service, No-Fault Insurance §§ 1, 14, 26. 34.
[3] New Topic Service, No-Fault Insurance §§ 5, 25-34.
[4] New Topic Service, No-Fault Insurance §§ 1, 2, 5.
[5] New Topic Service, No-Fault Insurance §§ 5, 31.
[6] New Topic Service, No-Fault Insurance §§ 3, 20.
[7] New Topic Service, No-Fault Insurance §§ 2-4, 20.
[8] New Topic Service, No-Fault Insurance §§ 5, 16 *et seq.*
[9] New Topic Service, No-Fault Insurance § 31.

the deceased would have been disqualified had he survived. Plaintiff and her minor children have sustained a loss in their own right. The benefits are distinct from, not derivative of, any loss which Mr. Nikprelevic would have been able to claim in his own right had he survived.

Reversed and remanded.

N. J. KAUFMAN, P.J., dissents. He would hold that a surviving dependent's right to recover benefits is dependent upon, and derivative of, the deceased's right to receive loss benefits had he not died; therefore, survivor's claims are barred where the deceased person failed to obtain insurance as required by the no-fault act.

OPINION OF THE COURT

1. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — SURVIVING DEPENDENTS — RIGHT OF RECOVERY — STATUTES.

The dependents of deceased uninsured motorists are entitled to no-fault benefits and are not disqualified by virtue of the fact that the deceased would have been disqualified had he or she survived (MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.).*

2. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — INSURANCE POLICIES — SECURITY — BENEFITS — STATUTES.

Owners or registrants of motor vehicles are required to obtain security under the no-fault insurance act, generally a policy of insurance, which will guarantee payment of certain benefits in the event of an accident involving a motor vehicle (MCL 500.3101; MSA 24.13101).

3. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — INSURERS — PAYMENT OF BENEFITS — STATUTES.

The no-fault insurance act requires insurers to pay benefits for accidental bodily injury or death arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle without regard to fault (MCL 500.3105; MSA 24.13105).

4. INSURANCE — INSURERS — CONDUCTING BUSINESS — PRIVILEGE — DUTY TO PROVIDE BENEFITS — NONPAYMENT OF PREMIUMS.

The privilege of conducting the business of insurance in Michigan contains a corresponding duty to provide benefits for some who would otherwise be required to do without, including the payment of benefits in some cases for losses where no premium has been received.

5. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — SURVIVING
    DEPENDENTS — PAYMENT OF BENEFITS — DATE OF LOSS —
    STATUTES.

    Personal injury protection benefits in the form of survivor's loss
    under the no-fault insurance act are payable to compensate for
    the loss dependents of a deceased automobile owner or driver
    have sustained in their own right; the benefits are distinct
    from, not derivative of, any loss which the injured owner or
    driver would have been able to claim in his own right had he
    survived, and the loss accrues, not at the time of the owner's or
    driver's injury, but as of the time the survivor's loss is incurred
    (MCL 500.3110[4]; MSA 24.13110[4]).

6. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — PAYMENT
    OF BENEFITS — OWNER OR REGISTRANT — UNINSURED VEHICLE.

    A person is not entitled to benefits under the no-fault insurance
    act if the person claiming benefits was the owner or registrant
    of the vehicle involved in the incident creating the loss and
    that vehicle was uninsured.

7. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — PERSONAL
    SECURITY OBLIGATIONS — PERSONAL DISQUALIFICATIONS.

    The obligation to obtain and maintain security imposed by the
    no-fault insurance act is personal; the disqualifications which
    prevent the payment of benefits under the act are also personal
    (MCL 500.3101, 500.3113; MSA 24.13101, 24.13113).

8. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — INJURY —
    PAYMENT OF BENEFITS — DISQUALIFICATIONS — STATUTES.

    The purpose of the no-fault insurance act is to permit individuals
    who suffer loss arising out of the ownership, operation, mainte-
    nance or use of a motor vehicle as a motor vehicle to recover a
    certain level of benefits because of an injury; to this general
    scheme entitling individuals to certain benefits, the Legislature
    created certain narrow disqualifications dealing with an indi-
    vidual who is injured in a car he has stolen, one who fails to
    insure himself and out-of-state cars involved in accidents in this
    state under certain circumstances (MCL 500.3113; MSA
    24.13113).

DISSENT BY KAUFMAN, P.J.

9. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — SURVIVING
    DEPENDENTS — RIGHT OF RECOVERY.

    *Payment of personal protection insurance benefits to the surviv-
    ing dependents of an insured person who has died as a result of*

*injuries sustained in a motor vehicle accident is a substitute for the payment of benefits directly to the injured party and, therefore, a surviving dependent's right to recover such benefits is dependent upon and derivative of the deceased's right to receive loss benefits had he not died.*

*Gursten, Wigod & Koltonow, P.C.,* for plaintiff.

*Eggenberger, Eggenberger, McKinney & Weber,* for defendant.

Before: N. J. Kaufman, P.J., and T. M. Burns and R. M. Maher, JJ.

T. M. Burns, J. The plaintiffs in this case are the widow and minor children of Nika Nikprelevic. Mr. Nikprelevic died when he was overcome by exhaust fumes while attempting to install a rear window defogger in his automobile on January 29, 1977. No policy of no-fault automobile insurance could be found covering Mr. Nikprelevic or his car after his death.

Since no policy covering the casualty could be found, Mrs. Nikprelevic filed a claim with the assigned claims facility, MCL 500.3174; MSA 24.13174. The loss was assigned to defendant for processing. Defendant voluntarily paid benefits, making certain deductions which it thought allowable under the act. When plaintiffs filed this suit to challenge the validity of the deductions being made, defendant stopped payments altogether. The main question in the suit then became whether plaintiffs are entitled to claim under the assigned claims plan at all. The circuit court held they were not and granted summary judgment for defendant.

The issue presented by these facts, whether the dependents of a deceased individual who would have been disqualified from receiving no-fault ben-

efits if he had survived by § 3113(b)[1] are also disqualified by that provision, has been before this Court before. *Belcher v Aetna Casualty & Surety Co,* 83 Mich App 207; 268 NW2d 349 (1978). The issue is presently before the Supreme Court. *Belcher v Aetna, supra, lv gtd* 405 Mich 826 (1979), *Hamilton v Aetna Casualty & Surety Co* (Docket No. 77-2190. Decided August 23, 1978 [unreported]), *lv gtd* 405 Mich 827 (1979), *Shaffer v Riverside Ins Co* (Docket No. 77-4334. Decided June 22, 1978 [unreported]), *lv gtd* 405 Mich 827 (1979). The majority in these cases have found survivor's benefits to be derivative of the deceased person's claim and barred by the failure of that person to obtain insurance as required by the act. In my view, that result is contrary to the intent of the Legislature as expressed in the plain language of the statute. *Belcher v Aetna, supra* (T. M. BURNS, J., dissenting).

For purposes of analyzing a problem of dependents of uninsured decedents, the provisions of the no-fault act[2] can be divided into several categories: those sections telling insurers and individuals what they must do to comply with the act; sections dealing with who is entitled to what type of benefit and the amount of that benefit; sections dealing with disqualification from benefits under the act; and, finally, sections dealing with the procedure to claim benefits due under the act. Examination of the act as a whole leads to the conclusion that dependents of deceased uninsured motorists are entitled to benefits and are not disqualified by virtue of the fact that the deceased would have been disqualified had he or she survived.

Turning first to the "duties" part of the no-fault

---

[1] MCL 500.3113(b); MSA 24.13113(b).

[2] MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.*

act we find that the "owner or registrant" of a motor vehicle is required to obtain security, generally a policy of insurance, which will guarantee payment of certain benefits, here personal injury protection benefits, in the event of an accident involving a motor vehicle. MCL 500.3101; MSA 24.13101. Insurers are required to pay benefits for accidental bodily injury or death arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle without regard to fault. MCL 500.3105; MSA 24.13105. Because the Legislature realized that some individuals would not comply with the act, a scheme was created which requires insurers to pay benefits in some cases for losses where no premium has been received. Those given the privilege of conducting the business of insurance in this state were given the corresponding duty to provide benefits for some who would otherwise be required to do without.

These provisions do not cause much problem in this case. The problem arises under the entitlement and disqualification provisions.

The plaintiffs here are claiming personal injury protection benefits in the form of survivor's loss under § 3108.[3] The benefits payable under this section are to compensate for the "loss" dependents[4] have sustained in their own right. The loss accrues, not at the time of the injury, but as the survivor's loss is incurred. MCL 500.3110(4); MSA 24.13110(4). It is distinct from, not derivative of, any loss which the injured person would have been able to claim in his own right had he survived. There can be no real question but that the plaintiffs have incurred a survivor's loss.

---

[3] MCL 500.3108; MSA 24.13108.

[4] Under MCL 500.3110; MSA 24.13110, the wife and minor children are conclusively presumed to be dependents of the deceased person.

There is also no real question concerning whether the proper procedural steps were followed to claim compensation for that loss. Plaintiffs filed a claim with the assigned claims facility, the facility assigned the case to defendant and defendant began making payments. What then of defendant's obligation to continue those payments? Resolution depends on whether the plaintiffs are "a person entitled to claim" within the meaning of § 3172.[5] Since it has already been shown that they have suffered a loss covered by the act, it follows that they are "entitled to claim" unless disqualified.

The crux of this case is the scope of the disqualification of § 3113(b). That section provides:

"A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

* * *

"(b) The person was the owner or registrant of a motor vehicle involved in the accident with respect to which the security required by subsections (3) and (4) of Section 3101 was not in effect." MCL 500.3113; MSA 24.13113.

The language is clear and should not be judicially expanded through the guise of interpretation. *Big Bear Markets of Michigan, Inc v Liquor Control Comm,* 345 Mich 569; 77 NW2d 135 (1956).

*A* person is not entitled to benefits if *the* person claiming benefits was the owner or registrant of the vehicle involved in the incident creating the loss and that vehicle was uninsured. Defendant has never claimed that Mrs. Nikprelevic was the owner or registrant of the vehicle which caused her husband's demise. Nor has it claimed that the

---

[5] MCL 500.3172; MSA 24.13172.

one- and three-year-old children were owners or registrants of the car.

The obligation to obtain and maintain security imposed by § 3101 is personal. It is logical, therefore, that the disqualifications of § 3113 are also personal. *Belcher v Aetna, supra,* at 217-218 (dissenting opinion). The personal nature of the disqualification is further supported by § 3177 which allows the insurer to recover the amounts paid from the uninsured individual or his estate if it is required "to pay personal protection insurance benefits for accidental bodily injury * * * to the spouse or relative resident in the household of the owner or registrant of an uninsured motor vehicle".[6]

The whole basis of the no-fault act is that individuals who suffer loss arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle will recover a certain level of benefits because of that injury. To this general scheme entitling individuals to certain benefits, the Legislature created certain narrow disqualifications dealing with an individual who is injured in a car he has stolen, one who fails to insure himself and out-of-state cars involved in accidents in this state under certain circumstances. MCL 500.3113; MSA 24.13113. Each of these narrow disqualifications has a readily discernible basis in public policy. There is no similar policy which can justify disqualification of these plaintiffs, the innocent widow and minor children.

Plaintiffs have not been shown to fall in the class of individuals disqualified from receiving benefits under the act and the trial court, therefore, erred in granting summary judgment to defendant.

---

[6] MCL 500.3177; MSA 24.13177.

Reversed and remanded for further proceedings consistent with this opinion. No costs, construction of a statute involved.

R. M. MAHER, J., concurred.

N. J. KAUFMAN, P.J. *(dissenting)*. For the reasons expressed in *Belcher v Aetna Casualty & Surety Co,* 83 Mich App 207; 268 NW2d 349 (1978), *lv gtd* 405 Mich 826 (1979), I agree with the trial court's determination and would affirm.