**Maureen A. OLIVERA, Individually and as next friend of Juan M. Olivera, Luisa Olivera and Cristina Olivera, minors, Plaintiffs,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Mutual Insurance Company, Defendant.**

No. 7–70401.

United States District Court, E. D. Michigan, S. D.

June 7, 1978.

Milton W. Bush, Jr., Bush, Luce, Henderson, Black & Bankson, Port Huron, Mich., for plaintiffs.

John C. McColl, Cummings, Monaghan, Thomas & McColl, Port Huron, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This is a no-fault insurance case. Plaintiffs are the widow and children of the decedent, Dr. Juan E. Olivera. Defendant is a corporation which was incorporated under the laws of the State of Illinois, maintains its principal place of business in the State of Illinois, and is in the business of insuring motor vehicles. Two issues are presented by the parties at this time through their respective motions for summary judgment. Plaintiffs' motion raises the issue of whether plaintiffs' decedent was covered under the Michigan Personal Injury Protection Endorsement (hereinafter "endorsement") to his automobile insurance policies at the time of his fatal motorcycle accident by virtue of "Exclusion O" of that endorsement. Defendant's motion for summary judgment presents the issue of whether $1,000 per thirty day period is the maximum allowable award as survivors' loss benefits under M.C.L.A. 500.3108. For reasons set forth more fully herein, plaintiffs' motion is denied and defendant's motion is granted.

Juan E. Olivera was a 44-year-old doctor engaged in the practice of orthopedic surgery in Port Huron, Michigan at the time of his death. He was the named owner of two cars and a truck. Each of these vehicles was covered by a no-fault insurance policy issued by defendant naming the decedent as the insured party. All of these policies provided no-fault benefits for the decedent while driving other vehicles owned by him and insured by defendant. At the time of his fatal accident, decedent was driving a 1970 250 cc Kawasaki motorcycle which was owned by him and insured by defendant. The exact extent of the no-fault coverage

for this motorcycle under decedent's other insurance policies is the subject of plaintiffs' motion.

The motorcycle accident occurred at the end of Scott Street, which is adjacent to the I-94 expressway in Port Huron, at a point where Scott Street curves to the south at an approximate angle of 90°. The parties disagree as to whether headlights from a truck on I-94 interfered with the decedent's vision and caused him to overturn or whether the motorcycle overturned for some other reason such as excessive speed, equipment failure, or human error.

*Personal Injury Protection*

■ Plaintiffs assert that their decedent was eligible and qualified for no-fault personal injury protection benefits pursuant to the policies insuring his cars and truck when he operated the motorcycle owned by him and insured by defendant. The specific section of the policy upon which plaintiffs rely is the endorsement. According to the "Insuring Agreement" portion of that endorsement the defendant agrees to provide certain benefits to "eligible injured persons" sustaining bodily injury caused "by accident and arising out of the ownership, operation, maintenance or use, including loading and unloading, of a motor vehicle as a motor vehicle." "Eligible injured person" is defined as:

(a) the named insured . . . who sustains bodily injury in an accident *involving a motor vehicle* . . . (emphasis added)

"Motor vehicle" is defined as:

a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power *which has more than two wheels.* (emphasis added)

Given these definitions of "eligible insured person" and "motor vehicle", the "Insuring Agreement" portion of the endorsement excludes motorcycles from personal injury protection coverage.

Plaintiffs' theory of coverage is based upon the terms of "Exclusion O" of the endorsement which they contend modifies the terms of the "Insuring Agreement" to the extent it establishes personal injury protection coverage for motorcycles subject to a $300 deductible. "Exclusion O" states:

This insurance does not apply under coverage P: (*o*) To the first $300 of any allowable expenses, workloss or survivors' loss due to bodily injury to the named insured or any relative resulting from the ownership, operation, maintenance or use of any owned vehicle which is not a motor vehicle only because it has less than three wheels;

To urge that the terms of an exclusion clause expand the coverage of an insuring agreement requires persuasive argument. Plaintiffs have chosen to rely on the alleged ambiguity of "Exclusion O" and a commonly stated presumption Michigan courts have drawn in favor of the insured when interpreting ambiguous insurance contracts in support of their theory. Yet "Exclusion O" plainly appears to establish a $300 deductible, not otherwise imposed under the "Insuring Agreement" for the special category of accidents covered under the terms of the "Insuring Agreement" which involve a motorcycle. The contractual definitions "allowable expenses" and "survivors' loss", terms used in "Exclusion O" which incorporate the definition of "eligible injured person", support this interpretation of "Exclusion O."

The "Insuring Agreement" of the policy contemplates both one vehicle and multiple vehicle accidents. A motorcycle rider involved in an accident with an automobile would be covered under the insuring clause as an eligible person and thus subject to the limitations of "Exclusion O." However, if the accident was a single vehicle accident involving only a motorcycle, as was the case here, the limitation of "Exclusion O" cannot in any way expand the coverage of the "Insuring Agreement" of the policy.

It has been argued that because an allegation has been made that headlights from a truck on a different road not connected with the street on which plaintiff's decedent was operating his motorcycle may have been involved in some way as the

cause of the accident makes this case an "accident involving a motor vehicle." The court sees no merit to this argument as the facts have been developed to the present.

For these reasons, plaintiffs' motion for summary judgment is denied.

### Maximum Survivors' Loss Benefits

The issue raised by defendant's motion for summary judgment is whether $1,000 per thirty day period is the maximum allowable award as survivors' loss benefits under M.C.L.A. 500.3108 or whether the allowance of $20.00 per day for expenses is permitted in addition to the $1,000 limitation. Section 500.3108 of Michigan Compiled Laws Annotated states:

> Personal protection insurance benefits are payable for a survivors' loss which consists of a loss, after the date on which the deceased died, of contributions of tangible things of economic value, not including services, that dependents of the deceased at the time of his death would have received for support during their dependency from the deceased if he had not suffered the accidental bodily injury causing death and expenses, not exceeding $20.00 per day, reasonably incurred by these dependents during their dependency and after the date on which the deceased died in obtaining ordinary and necessary services; in lieu of those that the deceased would have performed for their benefit if he had not suffered the injury causing death. The benefits payable for survivors' loss in connection with the death of a person in a single 30-day period shall not exceed $1,000.00 and is not payable beyond the first 3 years after the date of the accident.

Plaintiffs contend that the $1,000 limitation applies only to loss of contributions of tangible things. They contend that they can recover up to $20.00 a day, in addition to the contributions, for expenses. Defendant suggests that both the $1,000 a month limitation and the three year limitation restrict total recovery, including both the contributions and expenses under the first party coverage of the act.

The concepts of contributions of tangible things and expenses are both set forth in a single sentence and are introduced with the phrase, "Personal protection insurance benefits are payable for a *survivors' loss which consists of a loss* . . ." (emphasis added) The term of "survivors' loss" is clearly distinguished from the term "a loss . . of contributions" by the words "which consists of", thereby suggesting that "a loss . . . of contributions" is only one part of a definition of "survivors' loss." This suggestion is strengthened by the lack of the word "for" in front of the word "expenses" in the middle of the statute which would have indicated that the statute was listing the types of personal protection insurance benefits rather than describing various types of survivors' loss.

■ Finally, the $1,000 limit was stated separately in the final sentence of the section after survivors' loss had been described and is made applicable to the whole of "survivors' loss." If the legislature had wanted to apply the $1,000 limit only to the contributions of tangible things of economic value, they could have said so.*

■ The language of the statute thus breaks down the concept of survivors' loss into two subcategories. Survivors' loss consists of:

1. Loss of contributions of tangible things of economic value (but not services) that dependents would have received from deceased for their support, and

2. Expenses, not exceeding $20.00 per day, reasonably incurred by the de-

---

\* Plaintiffs call this court's attention to an unpublished opinion of the Kalamazoo County Circuit Court in which a conclusion contrary to the holding of this court is reached. This court is not bound by a Michigan Circuit Court on issues of Michigan law since it is not the highest court in the state. *Commissioner v. Estate of*

*Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967). There is no Michigan Supreme Court decision interpreting this statute and, with all due respect to the Kalamazoo County Circuit Court, this court finds its own interpretation to be more persuasive.

pendents during dependency in obtaining ordinary and necessary services in lieu of deceased's services.

The statute limits the benefits payable for "survivors' loss" within a thirty day period of $1,000 and to a maximum of three years. Both the $1,000 limitation and the three year limitation are limitations on survivors' loss which includes contributions and expenses. It is unambiguously clear that the limitations apply to the term "survivors' loss" and this includes both categories of "survivors' loss."

In summary, plaintiffs have not established that they are entitled to summary judgment as a matter of law on the issue of whether their decedent was insured under the Michigan Personal Injury Protection Endorsement to his automobile policies by virtue of "Exclusion O" of that endorsement and, therefore, their motion for summary judgment is denied. However, the language of M.C.L.A. 500.3108 does indicate that survivors' loss benefits, including both "contributions of tangible things of economic value" and "expenses" are to be limited to $1,000 per thirty day period. Therefore, defendant's motion for summary judgment is granted.

So ordered.