MOSHIER v FINANCIAL INDEMNITY COMPANY

Docket No. 77-3481. Submitted March 6, 1979, at Grand Rapids.—
Decided October 1, 1979. Leave to appeal applied for.

Gayle M. Moshier brought an action for herself and as next
friend of her minor children against Financial Indemnity Com-
pany to recover survivors' benefits under a policy of no-fault
insurance as a result of the death of her husband in an
automobile accident. Upon plaintiff's motion for partial sum-
mary judgment, the Kalamazoo Circuit Court, Robert L. Borsos,
J., found that the section of the no-fault act allowing a set-off in
the amount of Social Security survivors' benefits was unconsti-
tutional, and prohibited the defendant from taking such a set-
off. The court denied a motion for partial summary judgment
brought by defendant which alleged that expenses for obtaining
services in place of those performed by the decedent should be
limited to $20 per day for all of the dependents and that those
expenses are limited to a statutory maximum of $1,000 per 30-
day period for no more than three years. Defendant appeals.
*Held:*

1. The statutory set-off of Social Security benefits is not
unconstitutional.

2. Defendant's motion should have been granted. The reim-
bursement for expenses incurred in obtaining replacement
services is limited to $20 per day, regardless of the number of
dependents, and this benefit is included in survivors' loss
benefits which are limited to $1,000 per 30-day period for a
period of three years.

Reversed and remanded.

1. INSURANCE — AUTOMOBILES — NO-FAULT — PERSONAL PROTECTION
BENEFITS — SOCIAL SECURITY BENEFITS — STATUTES.

The section of the no-fault automobile insurance statute which
allows the subtraction from personal protection benefits of
benefits provided under state or Federal law is not unconstitu-

REFERENCES FOR POINTS IN HEADNOTES
[1] Am Jur 2d New Topic Service, No Fault Insurance § 22.
[2] Am Jur 2d New Topic Service, No Fault Insurance § 30.
[3] Am Jur 2d New Topic Service, No Fault Insurance § 31.

tional; an insurer is thus entitled to subtract from survivors' loss benefits any amounts of Social Security survivors' benefits received by the dependents of an insured who was fatally injured in an automobile collision (MCL 500.3109[1]; MSA 24.13109[1]).

2. INSURANCE — AUTOMOBILES — NO-FAULT — REPLACEMENT SERVICES — AMOUNT OF RECOVERY — STATUTES.

Reimbursement for replacement services otherwise performed by an injured person, payable under the no-fault act, is limited by statute, and in the event of a fatal injury, the dependents of the deceased are entitled to recover such reimbursement; their right to recover is derivative of the decedent's right to recover had he lived, and their recovery is limited, in the aggregate, to the statutory maximum amount, regardless of the number of dependents (MCL 500.3108; MSA 24.13108).

3. INSURANCE — AUTOMOBILES — NO-FAULT — SURVIVORS' BENEFITS — STATUTES.

The statutory maximum of $1,000 in a 30-day period, payable for no more than three years, payable under the no-fault insurance act as survivors' losses to dependents of a person who is fatally injured in an automobile accident, is applicable to both loss of contributions of tangible things the deceased would have provided for support of the dependents and to expenses for services to replace those which the decedent would have performed (MCL 500.3108; MSA 24.13108).

*Sloan, Zarbock, Risdon, Benefiel & Farrer,* for plaintiff.

*Howard & Howard,* for defendant.

Before: R. B. BURNS, P.J., and ALLEN and MACKENZIE, JJ.

MACKENZIE, J. On August 17, 1974, George Moshier was killed in an automobile accident. Mrs. Moshier, individually and as next friend of her children, brought suit against defendant Financial Indemnity Company for the no-fault insurance benefits.

Prior to trial, in response to plaintiff's motion

for partial summary judgment, the trial court held that § 3109(1) of the no-fault act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* was unconstitutional, and, thus, the court prohibited the defendant from taking a set-off for Social Security benefits being received by the plaintiff. The defendant also brought a motion for partial summary judgment based on two separate grounds. First, that the court hold that expenses in obtaining services in place of those that the deceased would have performed pursuant to § 3108 be limited to a maximum of $20 per day for all dependents. Second, that the aggregate survivors' loss benefits provided for by § 3108 be subject to a maximum benefit of $1,000 in a single 30-day period, and that the benefits not be payable beyond the first three years after the date of the accident. The trial court denied partial summary judgment on both of these issues.

From the trial court's determinations as to the amount of defendant's liability under the no-fault act, the defendant appeals as of right.

I

The defendant first argues that the trial judge erred in ruling that § 3109(1) of the no-fault act is unconstitutional. This section dictates that the benefits provided under state or Federal law shall be subtracted from personal protection insurance benefits otherwise payable for the injury. In *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524; 273 NW2d 829 (1979), the Supreme Court held that the provision did not violate either the Due Process or Equal Protection clauses of the state or Federal constitutions. Thus, the trial court's holding that § 3109(1) is unconstitutional must be reversed; the defendant is enti-

tled to a credit against benefits owed the plaintiff in the amount plaintiff received in Social Security benefits.

## II

Defendant next contends that the trial court erred in determining that § 3108 limits benefits for expenses in obtaining services in lieu of those the deceased would have performed to $20 per day per dependent rather than $20 per day for all dependents. Section 3108 provides:

"(1) Except as provided in subsection (2), personal protection insurance benefits are payable for a survivor's loss which consists of a loss, after the date on which the deceased died, of contributions of tangible things of economic value, not including services, that dependents of the deceased at the time of the deceased's death would have received for support during their dependency from the deceased if the deceased had not suffered the accidental bodily injury causing death and expenses, not exceeding $20.00 per day, reasonably incurred by these *dependents* during their dependency and after the date on which the deceased died in obtaining ordinary and necessary services in lieu of those that the deceased would have performed for their benefit if the deceased had not suffered the injury causing death. Except as provided in section (2) the benefits payable for a survivor's loss in connection with the death of a person in a single 30-day period shall not exceed $1,000.00 for accidents occurring before October 1, 1978, and shall not exceed $1,475.00 for accidents occurring on or after October 1, 1978, and is not payable beyond the first three years after the date of the accident." (Emphasis supplied.)

We conclude that the $20 per day maximum applies to all of the dependents, who, therefore, must share in the distribution. The provision em-

ploys the plural term "dependents", thus indicating a legislative intent to limit the total recovery to $20 per day regardless of the number of dependents. Further, according to the Michigan Supreme Court in *Shavers v Attorney General,* 402 Mich 554, 620; 267 NW2d 72 (1978):

"Under the act, an injured person may be reimbursed for such services up to a limit of $20 a day for a maximum period of three years. (This limit may be adjusted annually to keep pace with changes in the cost of living.) (§ 3107[b].) The family of the injured person may receive the *same reimbursement* should the injured person die. (§ 3108.)" (Emphasis supplied.)

This language implies that the right of the dependents to recover expenses for replacement services is derivative of the injured person's right. Thus, the dependents, in aggregate, are limited to the maximum of $20 per day just as the injured person would have been. The trial court's decision that the $20 per day limitation applies to each dependent must, consequently, be reversed.

### III

Defendant finally contends that the trial court erred in holding that the term "survivor's loss", as set forth in § 3108, does not encompass expenses for replacement services. The trial court's ruling results in the exemption of benefits received for replacement services expenses from the $1,000 per 30-day period and three-year limitations. It was the trial court's opinion that had the Legislature intended the term "survivor's loss" to include both contributions of things having economic value and expenses for replacement services, it could have inserted the word "both" before the words "a loss".

Further, because the statute is in derogation of the common law, the court held that the provision must be strictly construed.

This issue was encountered in *Olivera v State Farm Mutual Automobile Ins Co,* 451 F Supp 889 (ED Mich, 1978), where the United States District Court held that the term "survivor's loss" encompasses expenses for replacement services as well as loss of contributions of tangible things of economic value.[1] The court noted that the term "survivor's loss" is clearly demarcated from the phrase "a loss of contribution" by the phrase "which consists of", thus suggesting that the term "survivor's loss" consists of more than a loss of contributions. Second, if survivor's loss and expenses were distinct, the word "for" should appear before the phrase "expenses for replacement services", as well as "survivor's loss". Finally, the $1,000 limit was separately stated in the final sentence of § 3108, indicating that it applies to both types of benefits set forth in the previous sentence.

A similar issue was recently faced by this Court in *Pries v Travelers Ins Co,* 86 Mich App 221; 272 NW2d 247 (1978), concerning the construction of § 3107 of the no-fault act. Whereas § 3108 provides for reimbursement to the family of the injured

---

[1] The *Olivera* holding conforms with dicta appearing in *Belcher v Aetna Casualty & Surety Co,* 83 Mich App 207, 212-213; 268 NW2d 349 (1978). The Court stated:

"Further support for this conclusion can be found by comparing the method of computing survivor's benefits, MCL 500.3108; MSA 24.13108, with the method for computing the work loss portion of the personal protection benefits available to an injured person, MCL 500.3107; MSA 24.13107. Both are payable for up to three years and are subject to a $1000 maximum for any 30-day period. Both include the cost of expenses, up to $20 per day, incurred in obtaining services which would have been provided by the injured person."

The Court's discussion of "survivor's benefits" provided for in § 3108 was incident to its determination that a dependent's right to recover is derivative of the injured person's rights to personal protection benefits.

person should the injured person die, § 3107 allows for reimbursement to the injured person who has survived. Section 3107(b) states that "benefits are payable" for:

"Work loss consisting of loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he had not been injured and expenses not exceeding $20.00 per day, reasonably incurred in obtaining ordinary and necessary services in lieu of those that, if he had not been injured, an injured person would have performed during the first 3 years after the date of the accident, not for income but for the benefit of himself or of his dependent. * * * The benefits payable for work loss sustained in a single 30-day period and the income earned by an injured person for work during the same period together shall not exceed $1,000.00, which maximum shall apply pro rata to any lesser period of work loss. The maximum shall be adjusted annually to reflect changes in the cost of living under rules prescribed by the commissioner but any change in the maximum shall apply only to benefits arising out of accidents occurring subsequent to the date of change in the maximum."

The Court held that the maximum monthly benefit allowance under the no-fault act for "work loss", $1,000, did not include the daily allowance for expenses incurred in obtaining replacement services.[2]

---

[2] The *Pries* Court had several bases for its conclusion. First, the word "and" appearing before the word "expenses" related back to the phrase "benefits are payable" rather than "work loss". Second, the sentence setting forth the $1,000 limit makes no mention of replacement services, whereas a $20 limit is set forth in the sentence concerned with replacement services. Third, the Court interpreted the Michigan Supreme Court's opinion in *Shavers v Attorney General*, *supra*, as referring to separate benefits payable, each with its own limit. The Court further noted that the defendant insurance company's interpretation would result in reduced first party benefits being paid, resulting in more injured parties seeking redress under the residual liability sections, MCL 500.3135(2)(c); MSA 24.13135(2)(c). The

Because of the derivative relationship of §§ 3107 and 3108, strong argument exists that they should be interpreted *in pari materia.* We find, however, the construction of § 3108 by the United States District Court in *Olivera* persuasive. Further, we note that §§ 3107 and 3108 are not identically worded. In § 3108, the three-year limitation appears only in the last sentence, along with the $1,000 per 30-day period limitation. Under the interpretation espoused by the plaintiff, no time limit whatsoever would apply to the payment of benefits for replacement services expenses, a result we doubt the Legislature intended. In § 3107, however, a three-year limit is expressly set forth for replacement services expenses.

We thus hold that the term "survivor's loss" includes expenses for replacement services, and that these benefits are, therefore, subject to the $1,000 per 30-day period and three-year limitations.

Reversed and remanded. No costs, interpretation of a statute being involved.

Court felt such a result would be counterproductive to the goals of the act. Finally, the Court found it significant that the act's residual liability section, MCL 500.3135(2)(c); MSA 24.13135(2)(c), mentions both "daily" and "monthly" limits.