SWANSON v CITIZENS INSURANCE COMPANY

Docket Nos. 45860, 45974. Submitted May 8, 1980, at Grand Rapids.— Decided July 23, 1980. Leave to appeal applied for.

Mr. and Mrs. Phillip Klingaman were killed in an automobile accident. Mr. Klingaman was driving his automobile which was insured by Auto-Owners Insurance Company. Mrs. Klingaman also owned an automobile, which was insured by Citizens Insurance Company. The Klingamans were survived by their infant daughter. The daughter's co-guardians, Robert A. Swanson and Thelma G. Swanson, and the administrator of the Klingamans' estates, John R. Holmes, brought an action against both Auto-Owners and Citizens seeking to recover survivor's benefits and expenses for replacement services. The Calhoun Circuit Court, Creighton R. Coleman, J., granted partial summary judgment to the defendants, finding that neither insurance policy extended personal protection benefits to the spouse of the named insured. After a trial, the court found that survivor's benefits are computed without deducting from the decedent's gross wages amounts paid in taxes or used in personal consumption, that Social Security survivor's benefits are not set off against benefits for replacement services expenses, that expenses for replacement services are included within survivor's loss benefits subject to the statutory $1,000 per 30-day period and 3-year limitations, and that the maximum recovery for replacemnet services expenses was $20 per day. The court assessed interest against the defendants. The defendants appeal and the plaintiffs cross-appeal. *Held:*

1. In determining the amount of survivor's loss benefits the decedent's gross wages must be reduced by an amount fairly representing the decedent's personal consumption and also by the amount which would have been paid in taxes.

2. Social Security survivor's benefits are to be set off only

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d (Rev), Automobile Insurance § 368.
   Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.
[3] 7 Am Jur 2d (Rev), Automobile Insurance § 344.
[4] 7 Am Jur 2d (Rev), Automobile Insurance § 354.
[5-7] 7 Am Jur 2d (Rev), Automobile Insurance § 363.

against the no-fault survivor's loss benefits which represent loss of contributions of tangible things of economic value, and not against benefits representing expenses for replacement services.

3. The award of interest was in error. The plaintiffs have failed to present proof of the decedents' personal consumption and potential tax expenses, and have therefore not presented reasonable proof of the amount of loss sustained. Therefore, the payment of benefits was not overdue, and interest was not properly assessed.

4. Neither of the Klingamans' policies extended personal protection benefits to the other. The partial summary judgments in this regard were proper.

5. The statutory limitation of $20 per day for replacement services expenses applies separately to each policy, and the plaintiffs are therefore entitled to recover up to $40 per day for those expenses.

6. Expenses for replacement services are included within the term "survivor's loss" and are subject to the statutory limitation on survivor's loss benefits.

Affirmed in part, reversed in part and remanded.

1. INSURANCE — NO-FAULT INSURANCE — SURVIVOR'S BENEFITS — REDUCTION IN GROSS WAGES — STATUTES.

A decedent's gross wages are to be reduced by an amount fairly representing the decedent's personal consumption and by the amount which would have been paid in taxes when determining the amount of tangible things of economic value a plaintiff is entitled to receive as survivor's loss benefits under a policy of no-fault automobile insurance (MCL 500.3108; MSA 24.13108).

2. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — GOVERNMENTAL BENEFITS — STATUTES.

Only duplicative government benefits are required to be set off from personal protection benefits received under a no-fault automobile insurance policy; therefore, Social Security survivor's benefits are required to be set off only against the no-fault survivor's loss benefits which represent the loss of contributions of tangible things of economic value, not against survivor's benefits which represent expenses for replacement services (MCL 500.3109; MSA 24.13109).

3. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — INTEREST.

Interest is assessable against overdue personal protection insurance benefits; such benefits are overdue if not paid within 30

days after the insurer receives reasonable proof of the fact and the amount of the loss sustained.

4. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — STATUTES.

Personal protection insurance benefits do not extend to the spouse of a named insured if the spouse is entitled to such benefits under a policy of his or her own (MCL 500.3114[1]; MSA 24.13114[1]).

5. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — SURVIVORS.

A survivor's right to recover personal protection insurance benefits which would have been due a decedent had he survived is derivative of the decedent's right to recover those benefits.

6. INSURANCE — NO-FAULT INSURANCE — REPLACEMENT SERVICES — DEPENDENTS — STATUTES.

A surviving dependent's right to recover expenses for replacement services, under a no-fault automobile insurance policy, is derivative of the injured person's right to recover had he survived; therefore, where a husband and wife are both killed in an accident and each has a separate no-fault policy the statutory limitation of $20 per day for replacement services expenses is available to a surviving dependent under each policy (MCL 500.3108; MSA 24.13108).

7. INSURANCE — NO-FAULT INSURANCE — REPLACEMENT SERVICES — SURVIVOR'S LOSS — STATUTES.

Expenses for replacement services are encompassed within the term "survivor's loss" in the no-fault automobile insurance statute which is subject to the statutory limitation of $1,000 per 30-day period for no more than 3 years (MCL 500.3108; MSA 24.13108).

*Sloan, Risdon, Benefiel & Farrer,* for plaintiffs.

*Lilly & Domeny, P.C.* (by *Sally Zack Wheeler*), for defendant Citizens Insurance Company.

*Allen, Hatch, Letzring & Hill,* for defendant Auto-Owners Insurance Company.

Before: R. B. BURNS, P.J., and J. H. GILLIS and D. C. RILEY, JJ.

J. H. GILLIS, J. This is an automobile no-fault insurance action. On December 24, 1976, Mr. and Mrs. Phillip Klingaman were killed in an automobile accident. The accident occurred while Mr. Klingaman was driving his automobile in which his wife was a passenger. Mr. Klingaman's vehicle was insured with defendant Auto-Owners Insurance Company (Auto-Owners). Mrs. Klingaman owned her own automobile which was insured with defendant Citizens Insurance Company (Citizens).

The decedents were survived by their infant daughter, Melanie. On April 18, 1977, plaintiffs, as co-guardians of the estate of Melanie, instituted suit against both defendants. Plaintiffs sought to recover, *inter alia,* survivor benefits pursuant to MCL 500.3108; MSA 24.13108 including certain economic losses and expenses for replacement services.

Each defendant moved for partial summary judgment pursuant to GCR 1963, 117.2(3) claiming that its policy did not extend personal protection insurance benefits to the spouse of the named insured. The motions were granted.

On July 25 and 26, 1978, a nonjury trial was held as to the no-fault benefits claimed by the surviving daughter against both defendants. The parties thereafter filed various trial, reply and supplemental briefs addressed to the legal issues raised during the course of the trial.

On November 28, 1978, the lower court issued a written decision in the case. Insofar as is relevant to the issues raised on appeal, the court found that:

(1) Survivor's benefits payable as personal protection benefits, MCL 500.3108; MSA 24.13108, are computed with reference to the decedent's gross

wages not reduced by the amount the deceased would have paid in taxes nor by the amount the deceased would have spent on personal consumption;

(2) The set-off provision of MCL 500.3109; MSA 24.13109 requires a deduction of Social Security benefits only from the amounts plaintiffs are entitled to receive in compensation for the loss of contribution of tangibles of economic value and not from replacement service expenses incurred;

(3) The term "survivor's loss" in MCL 500.3108; MSA 24.13108 includes expenses for replacement services as well as loss of contribution of tangible things of economic value and that these benefits are subject to the $1,000 per 30-day period and three-year limitation contained in the statute; and that

(4) The maximum amount plaintiffs could recover as replacement service expenses was $20 per day notwithstanding the fact that both of the surviving daughter's parents were killed in the same accident and each had separate no-fault insurance policies on their respective automobiles.

On February 9, 1979, the lower court entered a judgment in accordance with this decision. The lower court assessed interest against both defendants pursuant to MCL 500.3142; MSA 24.13142. Defendants appeal and plaintiffs cross-appeal from the decision and judgment as of right.

We shall address first the issues raised by the defendants and then proceed to those issues raised by plaintiffs by way of cross-appeal.

The defendants first contend that the lower court erred in computing plaintiffs' award of compensation for loss of tangible things of economic value under MCL 500.3108; MSA 24.13108 in that the decedents' gross wages were utilized without a

deduction therefrom of the amount of taxes the decedents would have paid on such wages or of the amount the decedents would have spent on personal consumption. We agree.

In determining the amount of "tangible things of economic value" a plaintiff is entitled to receive as survivor's loss personal protection insurance benefits, the decedent's gross wages must be reduced by an amount fairly representing the decedent's personal consumption and also by the amount which would have been paid in taxes. *Schwark v Lilly,* 91 Mich App 189, 198; 283 NW2d 684 (1979), MCL 500.3108; MSA 24.13108. The case is remanded to the circuit court for proper determination of the amount of "tangible things of economic value" which Melanie would have received from her parents.

The defendants next contend that the lower court erred in deducting the Social Security survivor's benefits only from the amount plaintiffs are entitled to receive in compensation for the loss of contributions of things of economic value. It is argued that a set-off is proper against survivor's benefits payable for loss of contributions of tangible things of economic value and for expenses for replacement services. We cannot agree.

MCL 500.3109; MSA 24.13109 was designed to require set-off only of *duplicative* government benefits. *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524, 544-547; 273 NW2d 829 (1979), *reh den* 406 Mich 1103 (1979), *app dis* 444 US 803; 100 S Ct 22; 62 L Ed 2d 16 (1979), *Schwark v Lilly, supra,* 195, fn 4. Social Security survivor's benefits are intended to provide persons dependent on the wage earner with protection against the economic hardship occasioned by the loss of the wage earner's support. No benefits

are paid for lost services. See 42 USC 401 *et seq.* Such benefits, thus, duplicate only those survivor's benefits received pursuant to the no-fault policy which represent the loss of contributions of tangible things of economic value. *O'Donnell, supra,* 545. They do not duplicate the survivor's benefits which represent expenses for replacement services. Accordingly, we hold that § 3109 requires setoff of Social Security survivor's benefits only against the survivor's loss benefits which represent the loss of contribution of tangible things of economic value. The lower court's decision in this respect was without error.

The defendants lastly contend that the lower court erred in awarding plaintiffs interest pursuant to MCL 500.3142; MSA 24.13142. That statute provides that interest is assessable against overdue personal protection insurance benefits. Such benefits are "overdue" if not paid within 30 days after the insurer receives reasonable proof of the fact and the amount of loss sustained.

In the present case, plaintiffs failed to offer any proof of the decedents' personal consumption expenses or potential tax expenses. Rather, plaintiffs argued and the lower court erroneously agreed that a survivor's personal protection benefits which represent the loss of contributions of tangible things of economic value are to be based on the decedent's gross earnings. See *supra.* We hold that plaintiffs' failure to offer any proof of the decedents' personal consumption and potential tax expenses constituted a failure to produce reasonable proof of the amount of the loss sustained. The personal protection benefits were, thus, never overdue as per the statutory definition. The lower court's assessment of interest against the defendants was erroneous and is reversed.

Plaintiffs, by way of cross-appeal, contend that the lower court erred in concluding that the insurance policies involved did not extend personal protection benefits to the spouse of the named insured and in granting partial summary judgments.

MCL 500.3114(1); MSA 24.13114(1) requires that personal protection insurance policies cover accidental bodily injury to the spouse of the named insured. Accidental bodily injury includes death. MCL 500.3105(3); MSA 24.13105(3). Thus, a personal protection insurance policy applies to claims arising from the death of the named insured's spouse. The second sentence of MCL 500.3114(1); MSA 24.13114(1), however, renders the named insured's policy inapplicable when personal protection benefits are also payable under the spouse's policy. That sentence reads:

"When personal protection insurance benefits are payable to or for the benefit of an injured person [the named insured's spouse] under his own policy and would also be payable under the policy of his spouse [the named insured] * * * the injured person's [the named insured's spouse's] insurer shall pay all' of the benefits and shall not be entitled to recoupment from the other insurer."

As applied to the instant case, this sentence means that Mr. Klingaman's policy with Auto-Owners did not extend personal protection benefits to Mrs. Klingaman; her policy with Citizens did not extend such benefits to Mr. Klingaman.

A survivor's right to recover personal protection benefits is derivative of the decedent's right to recover the same. *Belcher v Aetna Casualty & Surety Co,* 83 Mich App 207; 268 NW2d 349 (1978), *lv gtd* 405 Mich 826 (1979). See also *Moshier v*

*Financial Indemnity Co,* 92 Mich App 605, 610, fn 1; 285 NW2d 385 (1979). Neither one of the decedents being able to recover under his/her spouse's policy, the survivor similarly could not recover. The lower court's grants of partial summary judgments were without error.

Plaintiffs next contend that the lower court erred in limiting the amount which plaintiffs could recover as expenses for replacement services to $20 per day. Plaintiffs argue that when a husband and wife are both killed in an accident and each has a separate no-fault policy, the statutory, MCL 500.3108; MSA 24.13108, limitation of $20 per day for the replacement services expense element of survivor's loss benefits applies separately to each policy. We agree and reverse the lower court.

MCL 500.3107; MSA 24.13107 provides that an injured person may be reimbursed for expenses incurred in obtaining services in lieu of those which he would have performed for the benefit of himself or of his dependent up to a limit of $20 per day. A dependent of the injured person may receive the same reimbursement should the injured person die. MCL 500.3108; MSA 24.13108. *Shavers v Attorney General,* 402 Mich 554, 620; 267 NW2d 72 (1978). The right of the dependent to recover expenses for replacement services is derivative of the injured person's right. *Moshier, supra,* 609. Here, had Mr. and Mrs. Klingaman survived, each would have been entitled to recover replacement service expenses up to $20 per day. Their dependent's rights in this respect are derivative. Plaintiffs, thus, are entitled to recover up to $20 per day from each of the defendants for a total of $40 per day.

Plaintiffs lastly contend that expenses for replacement services are not encompassed within

the term "survivor's loss" so as to subject such expenses to the $1,000 per 30-day period and three-year limitation contained in MCL 500.3108; MSA 24.13108. The contention has been decided adversely to the plaintiffs in *Moshier v Financial Indemnity Co, supra,* 609-612. The term "survivor's loss" includes expenses for replacement services and these benefits are subject to the $1,000 per 30-day period and three-year limitation.

Affirmed in part; reversed in part. Remanded for further proceedings consistent with this opinion. No costs, neither party having prevailed in full.