MOSHIER v FINANCIAL INDEMNITY COMPANY (AFTER
REMAND)

Docket No. 58608. Submitted June 2, 1982, at Grand Rapids.—Decided October 18, 1982. Leave to appeal applied for.

Gayle M. Moshier brought an action for herself and as next
friend of her minor children against Financial Indemnity Company to recover survivors' benefits under a policy of no-fault
insurance as a result of the death of her husband in an
automobile accident. Upon plaintiff's motion for partial summary judgment, the Kalamazoo Circuit Court found that the
section of the no-fault act allowing a setoff in the amount of
Social Security survivors' benefits was unconstitutional and
prohibited the defendant from taking such a setoff. It further
refused to limit the recovery for expenses for obtaining services
in place of those performed by the decedent to $20 per day for
all of the dependents and held that those expenses are limited
to a statutory maximum of $1,000 per 30-day period for no
more than three years. Defendant appealed and the Court of
Appeals reversed both rulings and remanded, 92 Mich App 605
(1979). On remand, the issue was whether the $1,000 per 30-day
limitation on survivors' loss benefits limits the total combined
benefits received from both the no-fault insurer and Social
Security or whether it merely limits the benefits received from
the no-fault insurer. The trial court, Robert L. Borsos, J., held
that the offset provision of the statute was intended to set off
only duplicative government benefits and that Social Security
duplicated the lost earnings of the deceased but not the lost
services of the deceased. The court also held that it should not
use the actual amount of Social Security benefits received
during the three-year period but rather the Social Security
amount received for the first month multiplied by 36 and that
subsequent increases in Social Security payments due to the

REFERENCES FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance §§ 363, 367.
70 Am Jur 2d, Social Security and Medicine § 46.
Validity and construction of "no-fault" automobile insurance plans.
 42 ALR3d 229.

increase in costs of living should be ignored in figuring the setoff. Defendant appealed. *Held:*

The statute limits plaintiff's recovery to $1,000 per 30-day period in combined Social Security and survivors' loss benefits. Defendant is entitled to set off the full amount of Social Security payments made to plaintiff.

Reversed and remanded.

INSURANCE — NO-FAULT INSURANCE — SETOFFS.

A provision of the no-fault insurance act limits to $1,000 per 30-day period the amount received in both Social Security and survivors' loss benefits (MCL 500.3108, 500.3109[1]; MSA 24.13108, 24.13109[1]).

*Sloan, Benefiel & Farrer* (by *Gary C. Newton),* for plaintiffs.

*Howard & Howard* (by *Richard J. Howard),* for defendant.

## AFTER REMAND

Before: R. B. BURNS, P.J., and MacKENZIE and L. C. ROOT,* JJ.

R. B. BURNS, P.J. George Moshier was killed in an automobile accident. Mrs. Moshier, individually and as next friend of her children, brought suit against defendant Financial Indemnity Company for no-fault insurance benefits.

The trial court held that § 3109(1) of the no-fault act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* was unconstitutional and prohibited the defendant from taking a setoff for Social Security benefits being received by plaintiff.

This Court on appeal, *Moshier v Financial Indemnity Co,* 92 Mich App 605; 285 NW2d 385

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(1979), held the act constitutional and reversed the trial court.

Also, this Court held that § 3108 limited benefits for expenses in obtaining services in lieu of those the deceased would have performed to $20 per day for all dependents in aggregate and not individually. The Court also held that "survivors' loss" included expenses for replacement services, and that those benefits were subject to the $1,000 per 30-day period and the 3-year limitation.

The case was reversed and remanded to the trial court.

On remand, the issue was whether the $1,000 per 30-day limitation on survivors' loss benefits, MCL 500.3108(1); MSA 24.13108(1), limits the total combined benefits received from both the no-fault insurer and Social Security or whether it merely limits the benefits received from the no-fault insurer.

The trial court followed *Swanson v Citizens Ins Co,* 99 Mich App 52; 298 NW2d 119 (1980), and held that the offset provision of MCL 500.3109; MSA 24.13109 was intended to set off only duplicative government benefits and that Social Security duplicated the lost earnings of the deceased but not the lost services of the deceased.

Plaintiff also raised an additional point not heretofore covered. She claimed that the court should not utilize the actual amount of Social Security benefits received during the three-year period but rather the Social Security amount received for the first month ($558.40), multiplied by 36. She claimed that subsequent increases in Social Secu-

rity payments due to the increase in costs of living should be ignored.

The trial judge agreed with the plaintiff and stated:

"This Court believes that if cost of living or inflation is to be considered by considering the increases in social security after the initial amount, then the wage increase the deceased would have received should also be considered, or, in the alternative, neither increase should be considered. All we have here is the wage of the deceased at the time of his death, $704.84, which multiplied by 36 months is $25,410.24. To be consistent, then, we should take the initial social security payment, $558.40 and multiply it by 36 months to get $20,102.40, leaving a difference of $5,307.84. To this should be added the loss of services of $14,465.00, which gives a total survivors' loss after social security offset of $19,772.84 and deducting what has already been paid leaves $4,898.33 still owed to plaintiff by defendant."

*Swanson v Citizens Ins Co, supra,* was reversed by order of the Supreme Court, 411 Mich 945; 308 NW2d 99 (1981), wherein the Court stated:

"in lieu of granting leave to appeal, we vacate the judgment of the Court of Appeals reported at 99 Mich App 52 and remand to the trial court for a determination of survivors' economic benefits under MCL 500.3108; MSA 24.13108 in light of this Court's decision in *Miller v State Farm Mutual Automobile Ins Co* [410 Mich 538; 302 NW2d 537 (1981)]."

Unfortunately, *Miller, supra,* does not deal with the issue at hand.

However, in *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524, 539; 273 NW2d 829 (1979), the Court stated:

"Section 3109(1) of the No-Fault Act requires the subtraction of government benefits from no-fault benefits otherwise due:

\* \* \*

"Pursuant to this provision, the defendant subtracted the amount of survivors' benefits payable by the Federal government to the plaintiffs from the amount of survivors' benefits payable under the decedent's no-fault policy and sent the plaintiffs a monthly check for the difference. The actual amount received by the plaintiffs from the Federal government and the defendant *totaled $1,000 per month, the maximum amount authorized* by § 3108 of the No-Fault Act." (Emphasis supplied.)

The trial court erred in ruling that the plaintiff could receive more than $1,000 per 30-day period in combined Social Security and survivors' loss benefits.

Section 3109(1) of the no-fault act, MCL 500.3109(1); MSA 24.13109(1), states:

"Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury."

While the trial court may have felt that it was unfair to consider the increase in Social Security payments when he could not consider an increase in wages, the plain language of the statute allows the defendant to offset the full amount of Social Security benefits paid to the plaintiff.

The case is reversed and remanded for proceedings consistent with this opinion.