*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES BARKER,

    Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant-Appellee.

UNPUBLISHED
January 27, 2025
2:44 PM

No. 366630
Macomb Circuit Court
LC No. 2021-003070-NF

Before: GADOLA, C.J., and O'BRIEN and MALDONADO, JJ.

MALDONADO, J. (*concurring in part and dissenting in part*).

I agree with the majority's conclusion that this appeal is not moot and that this Court has jurisdiction. Accordingly, I fully concur in section II of the majority opinion. However, I disagree with the majority's conclusion that plaintiff's Social Security disability benefits were duplicative of the PIP benefits paid by defendant. Consequently, except for the majority's holding that defendant is entitled to recoup the wage loss benefits it paid to plaintiff to the extent such benefits are duplicative of plaintiff's social security payments, I dissent from section III of the majority opinion. Therefore, I would reverse.

## I. DISCUSSION

"Michigan's no-fault act generally abolishes tort liability arising from the ownership, maintenance, or use of a motor vehicle." *Grange Ins Co of Mich v Lawrence*, 494 Mich 475, 490; 835 NW2d 363 (2013). Rather, "insurance companies are required to provide first-party insurance benefits for accidental bodily injury arising out of the use of a motor vehicle, which are commonly referred to as" PIP benefits. *Id*. MCL 500.3109(1) provides: "Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the [PIP] benefits otherwise payable for the injury under this chapter."

Plaintiff argues that the trial court erred by concluding that defendant could offset the money owed it for duplicative work loss benefits by subtracting the amount from the money it owes plaintiff for other types of PIP benefits. Instead, plaintiff contends that defendant's only remedy is to bring a separate claim seeking recoupment of the lost-wage payments. "The purpose

of § 3109 is to reduce insurance costs by preventing the recovery of benefits that duplicate benefits provided by the no-fault insurer." *Root v Ins Co of North America*, 214 Mich App 106, 109; 542 NW2d 318 (1995). Accordingly, the "test for determining whether a state or federal benefit could be offset is whether the benefit both serves the same purpose as the no-fault benefits and results from the same accident." *Gier v Auto-Owners Ins Co*, 244 Mich App 336, 338; 625 NW2d 398 (2001), quoting *Jarosz v Detroit Auto Inter-Ins Exch*, 418 Mich 656, 577; 345 NW2d 563 (1984).

The key case is *Swanson v Citizens Ins Co*, 99 Mich App 52; 298 NW2d 119 (1980), vacated on other grounds 411 Mich 945; 308 NW2d 99 (1981).[1] The relevant holding of that case was as follows:

> The defendants next contend that the lower court erred in deducting the Social Security survivor's benefits only from the amount plaintiffs are entitled to receive in compensation for the loss of contributions of things of economic value. It is argued that a set-off is proper against survivor's benefits payable for loss of contributions of tangible things of economic value and for expenses for replacement services. We cannot agree.
>
> MCL 500.3109 was designed to require set-off only of *duplicative* government benefits. Social Security survivor's benefits are intended to provide persons dependent on the wage earner with protection against the economic hardship occasioned by the loss of the wage earner's support. No benefits are paid for lost services. Such benefits, thus, duplicate only those survivor's benefits received pursuant to the no-fault policy which represent the loss of contributions of tangible things of economic value. They do not duplicate the survivor's benefits which represent expenses for replacement services. Accordingly, we hold that § 3109 requires setoff of Social Security survivor's benefits only against the survivor's loss benefits which represent the loss of contributions of tangible things of economic value. The lower court's decision in this respect was without error. [*Id*. at 57-58 (citations omitted).]

In this case, plaintiff received social security benefits as compensation for lost wages. These benefits were duplicative only of his lost-wage PIP benefits. Plaintiff then sought recovery of other forms of PIP benefits, such as medical and attendant care. These benefits were not duplicative of plaintiff's social security benefits. Therefore, I would hold that trial court erred by holding that defendant could use the social security benefits to set off future liabilities for different forms of PIP benefits. I agree with plaintiff's contention that defendant must bring a separate claim for recovery of the lost-wage PIP benefits that were duplicated by the social security payment.

---

[1] While this Court is "not *strictly required* to follow uncontradicted opinions from this Court decided before November 1, 1990," theses opinions are "considered to be precedent and entitled to significantly greater deference than are unpublished cases." *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018).

## II. CONCLUSION

Because plaintiff's social security payments were duplicative only of his lost-wage PIP benefits, I would hold that defendant cannot use them to set off other forms of PIP benefits that it owes to plaintiff. Therefore, I would reverse.

/s/ Allie Greenleaf Maldonado